## GRAYSON DYE, ADMINISTRATOR,

### v.

## LABAN GRITTON.

*Administration—Prosecution of Suits by Foreign Administrators—
Pleading—Evidence.*

Where it is sought to dispute the right of the plaintiff to sue in the capacity of administrator, a plea must be interposed to that effect. Where this is not done, it is unnecessary to make proof of the plaintiff's appointment, or of his right to sue in the assumed capacity.

### [Opinion filed May 25, 1888.]

APPEAL from the Circuit Court of Vermillion County; the Hon. C. B. SMITH, Judge, presiding.

Mr. M. W. THOMPSON, for appellant.

In Collins, adm'r, v. Ayers, 13 Ill. 362, the court say: "Letters testamentary and of administration must be pleaded with a profert, when an executor or administrator is plaintiff. If a defendant intends to question the right of a plaintiff to sue in such capacity, he must plead *ne unques* executor or administrator. If he fails to put the fact in issue, the plaintiff will not be compelled on the trial to make any proof of his representative character. It is considered as admitted by the defendant."

In Transit Co. v. Shacklet, 119 Ill. 238, the court say: "The right of the plaintiff to sue as administratrix not having been put in issue by plea, it was not necessary to make any proof in respect to her appointment or her right to sue in her representative capacity. See also 1 Chit. Plead. 489 (6 Eng. Ed.); M'Kimm v. Riddle, 2 Dall. 100; Champlin v. Tilley, 3 Day, 303; McKinley v. Braden, 1 Scam. 67; Ballance v. Frisby et al., 2 Scam. 65; Chi. Leg. News Co. v. Browne, 103 Ill. 320.

The question of the power of the Probate Court of Ohio to appoint the administrator in this case, or the regularity of said

Dye v. Gritton.

appointment, can be raised only in a direct proceeding to reverse it. In Wight v. Wallbaum, 39 Ill. 563, the court say: "The Probate Court had jurisdiction of the subject-matter and of the person, and thereby became fully empowered to act, by refusing or granting such letters." Shepard v. Rhodes, 60 Ill. 305; I. C. R. R. Co. v. Cragin, 71 Ill. 180; Bostwick v. Skinner, 80 Ill. 157; The People ex rel. v. Brislin, 80 Ill. 433; Lehmer v. The People ex rel., 80 Ill. 601; C. N. W. Ry. Co. v. The People ex rel., 83 Ill. 470; Andrews v. The People ex rel., 83 Ill. 531; Gage v. Parker, 103 Ill. 536.

Mr. J. B. MANN, for appellee.

Administration in a State other than the State of the last domicile of the intestate is known as ancillary administration, and is granted for the purpose of collecting and preserving the local assets and paying local indebtedness, if any. This is the full scope of the authority of such ancillary administrator. Schouler, Executor and Administrator, Secs. 162, 167.

In the case at bar there is an attempt to make the ancillary administration the principal one. The statute allowing foreign administrators to sue is in derogation of the sovereign rights of the State and must be strictly construed.

It is not within the reason of the statute to permit an ancillary administrator to remove the assets from the jurisdiction of the court having the power to appoint a principal administrator and take them to another jurisdiction where they would be subject in the first instance to the payment of local debts, and where no creditor of the domicile could follow it. 3 Redfield on Wills, Sec. 2, part 15; Dawes v. Boylston, 6 Mass. 337.

When the ancillary administrator brought suit against a person who did not reside within the jurisdiction of the ancillary administration it was held no recovery could be had, as such debt or money did not constitute assets within the jurisdiction, and it made no difference that no other administration upon the estate had been taken. 3 Redfield, Sec. 2, part 13.

The ancillary administration can not be allowed to draw into its jurisdiction any assets not locally situated within its limits.

In this view of the case the Circuit Court having learned by the testimony that an attempt was made by an ancillary administrator to collect a debt which was within the jurisdiction where principal administration could be had, very properly refused to allow the appellant to make any further proof of his case, since in no event could he establish his right to the debt.

WALL, J. This suit was brought by appellant in the capacity of administrator, against appellee.

The plaintiff in his declaration alleged an indebtedness by the defendant to the intestate in his lifetime, and that letters of administration were duly granted by the Probate Court of Miami county, Ohio. The defendant pleaded general issue and set-off. On the trial plaintiff proved the indebtedness as alleged, and also offered in evidence a duly certified copy of his letters of administration.

The Circuit Court rejected the proof as to the grant of administration, and instructed the jury to find for the defendant, which was done, and judgment was rendered against the p'aintiff for costs. This action of the court was no doubt based upon the view that the Probate Court of Ohio had no power to grant the letters of administration, because the deceased was a resident of Illinois at the time of his death. There was evidence tending to prove that such was the case, and it is argued by counsel that when it appeared to the court that for this reason the letters of administration were improvidently granted, it was the duty of the court to ignore the plaintiff's right to sue, and by the instruction given, end the case. The evidence as to the residence of the intestate came out incidentally and is not conclusive, by its direct effect or by necessary inference; conceding, however, that the proof fairly shows, as urged, that the residence was in Illinois, and that administration in chief should have been granted in this State, still it is clear the action of the court was erroneous. There was no plea under which such a question could arise. If the defendant desired to dispute the right of the plaintiff to sue in the capacity of administrator he should have

interposed a plea to that effect. The right of the plaintiff to sue as administrator not having been put in issue by plea it was not necessary to make any proof in respect to his appointment or his right to sue in the assumed capacity. Collins v. Ayers, 13 Ill. 358; C. L. N. Co. v. Browne, 103 Ill. 317; Transit Co. v. Shacklet, 119 Ill. 238; 1 Chit. Pl. 489, and notes. The defendant, by his pleading, waived the question.

The judgment will be reversed and cause remanded.

*Reversed and remanded.*