Harte v. Fraser.

---

## Daisy Hanson Harte et al., Adm'rs, v. Alexander Fraser.

1. PRACTICE—*Waiver of Objection to Amended Declaration Filed Without Leave.*—A party who files an answer to an amended declaration filed without leave, waives any right he may have had to disregard the declaration or move to have it stricken from the files, because filed without leave.

2. SAME— *Where Not Necessary to Prove the Representative Capacity of the Defendant.*—Where the representative capacity of the defendant is not put in issue by special plea, it is not necessary that it should be proved.

3. MASTER AND SERVANT—*Where Servant Does Not Assume the Risk of Defective Machinery.*—Where a servant has knowledge of a defect and calls the attention of the master to it, and is assured by him that everything is right and told to go on with his work, the servant will not be held to have assumed the risk of so doing, unless the danger is so manifest that a person of ordinary prudence and caution would not have incurred it.

4. SAME—*Servant Assumes Risks Incident to the Employment.*—Many employments are necessarily hazardous, and fraught with great danger; and a servant entering on such work is presumed to have assumed apparent risks; and if injured because of an open danger known to him, he is injured from a hazard which by the terms of his employment he has assumed; and the question is not to be submitted to a jury whether such open and apparent risk was one which a man of ordinary prudence and

caution would have taken, because a servant assumes open and apparent risks incident to his employment—not such risks merely as an ordinarily prudent and cautious man would take.

5. · SAME—*Where Servant Does Not Complain of Defects of Which He is Aware.*—Where no complaint has been made by the servant of the defects, and he is aware thereof, if he continue in the employment he assumes the risk, and the question can not be submitted to a jury to decide whether a man of ordinary prudence and caution would have so continued.

6. INSTRUCTIONS—*As to Assumed Risks.*—An instruction which tells the jury that if they find from the evidence that the plaintiff knew and understood the conditions complained of, and knew the risk or danger, if any, on account of such conditions, and that if with such knowledge the plaintiff voluntarily continued in his employment he assumed the risk and can not recover, and they should find the defendant not guilty, unless they further find from the evidence that under all the circumstances a servant of ordinary prudence, acting with such prudence, would, under similar conditions, have continued the same work under the same risk, is erroneous. Under such circumstances the question can not be presented to a jury to decide whether a man of ordinary prudence and caution could have so continued.

7. · SAME—*Inconsistent with Others Given in the Same Case.*—Where one instruction is inconsistent with others given in the same case the erroneous instruction is not cured by the proper one, as it is impossible to tell upon which one the jury based their verdict.

**Trespass on the Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Reversed and remanded. Opinion filed November 28, 1902.

F. J. CANTY and J. C. M. CLOW, attorneys for appellants.

THEODORE G. CASE, attorney for appellee; A. W. BROWNE, of counsel.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion of the court.

This was an action to recover for personal injuries, commenced December 18, 1898, against F. S. Hanson. To a declaration therein filed, February 21, 1899, Hanson filed a plea of the general issue, March 8, 1899. October 10, 1900, without obtaining leave so to do, the plaintiff filed an amended declaration, beginning as follows:

Harte v. Fraser.

" ALEXANDER FRASER,
Plaintiff,
vs.
DAISY HANSON HARTE and EDWIN
B. HARTE, Adm'rs of the estate
and effects of Franklin S. Hanson, deceased,
Defendants.
} Amended Declaration.

And now comes the plaintiff, by leave of the court first had and obtained, and files this, his amended declaration, by Theodore G. Case and Wedekind & Seit, his attorneys, and complains of Daisy Hanson Harte and Edwin B. Harte, administrators of the estate and effects of Franklin S. Hanson, deceased, defendants, of a plea of trespass on the case."

Thereafter followed three counts, the first and second concluding " to the damage of the plaintiff of $15,000, and therefore he brings his suit."

After a statement in the third count of the circumstances under which the plaintiff was injured, and the manner thereof, together with the nature of the injury, expenses and loss attendant thereon, is the following:

" And the plaintiff avers that, to wit, on or about the first day of November, 1899, to wit, at the county of Cook, and after the issuing and service of summons in this cause upon the said Franklin S. Hanson, and after he had filed his plea of not guilty therein, the said Franklin S. Hanson departed this life and died intestate, and thereafter, to wit, on or about the 7th day of November, 1899, the said defendants, Daisy Hanson Harte and Edwin B. Harte, were duly appointed administrators of the estate and effects of the said deceased, by the Probate Court of Cook County (which letters of administration the plaintiff brings into the court here), and took upon themselves the burthen of said administration, and acted, and are still acting, as such administrators of such estate and effects.

And the plaintiff further avers that, under the law and the statutes in such cases made and provided, the said plaintiff's cause of action has survived against the estate of the said deceased and against the said defendants, in their representative capacity as such administrators thereof, and so the said plaintiff maintains his said action herein.

To the damage of the plaintiff of $15,000, and therefore he brings his suit.          THEODORE G. CASE and
WEDEKIND & SEIT,
Attorneys for Plaintiff."

Appellants insist that the declaration contains no aver-
ment of the dying intestate, Hanson, or of an appointing
or acting by the defendants, or either of them, as adminis-
trators of his estate.

We regard the commencement of the amended declara-
tion and the conclusion above set forth as referring to all
counts of the declaration and that the action of the plaint-
iff upon the trial in dismissing the first and third counts left
the second remaining with above commencement and con-
clusion as a part thereof. The amended declaration having
been filed without leave, the defendants might have declined
to plead thereto without the entry of a rule upon them so
to do. They doubtless understood, as well they might, the
leave given eight days after said filing, to wit, October 18,
1900, to amend the declaration within three days from such
date, and the suggestion at the same time made of the
death of F. S. Hanson, and the order that the cause pro-
ceed against Daisy Hanson Harte and Edwin B. Harte,
administrators of the estate of F. S. Hanson, deceased, as
defendants, as amounting in effect to a recognition of the
amended declaration filed October 10th, as properly filed,
and a pleading which under the circumstances they ought
to answer, and accordingly on the 26th of October filed a
plea of the general issue.

We think they thus waived any right they might have
had to disregard the declaration or move to have it stricken
from the files, because filed without leave. And that the
representative capacity of the defendants not having been
put in issue by special plea, it was not necessary that the
same should be proven. Transit Co. v. Shacklet, 119 Ill.
232; Dye v. Gritton, 29 Ill. App. 54; Breckenridge v.
Ostrom, 79 Ill. 71.

The second count of the amended declaration upon which
only the cause was tried contained the following :

" Whilst the plaintiff was then and there rightfully and
with due care and diligence upon his part working around
and about said boilers and machinery the said Franklin S.
Hanson then and there carelessly, negligently, wrongfully
and improperly permitted and allowed a certain open catch-

basin to be and remain filled with hot water near to said boilers in a dark corner of said premises and permitted the same to be and remain without any reasonably safe cover or protection around and about said catch-basin and to be and remain wholly dangerous and unsafe in such manner as to render the passage of the plaintiff about said boilers to be extremely dangerous, and by means of the premises while he was passing by said boiler with due care and diligence upon his part and in pursuit of his business he unavoidably tripped, slipped and fell into the said catch-basin."

The defense interposed upon the trial to evidence tending to sustain such second count was that the open condition of the catch-basin and its being filled with hot water were things concerning which plaintiff was fully informed and the risk therefrom assumed by him; the defendants introduced much evidence tending to sustain such defense. In view of such evidence the defendants asked the court to instruct the jury as follows :

" If you find from the evidence that the plaintiff, Fraser, knew and understood the conditions herein complained of, and knew the risk or danger, if any, on account of such conditions, and that with such knowledge the plaintiff voluntarily continued in his employment, he assumed the risk and can not recover, and you should find the defendants not guilty."

This instruction the court refused to give and in place thereof gave the following :

" If you find from the evidence that the plaintiff, Fraser, knew and understood the conditions herein complained of, and knew the risk or danger, if any, on account of such conditions, and that with such knowledge the plaintiff voluntarily continued in his employment, he assumed the risk and can not recover, and you should find the defendant not guilty; unless you further find from the evidence that under all the circumstances a servant of ordinary prudence, acting with such prudence, would under similar conditions have continued the same work under the same risk."

The instruction as asked was proper and should have been given. As modified by the court it stated that which is not the law. There was not adduced upon the trial below

any evidence that the defendant had been induced to remain doing the work he did, because of any promise made to him that the dangerous conditions of which he had complained should be removed.

It is the rule that where a servant has knowledge of a defect and calls the attention of the master to it and is assured by him that everything is right and told to go on with his work, the servant will not be held to have assumed the risk of so doing, unless the danger was so manifest that a person of ordinary prudence and caution would not have incurred it.   Gundlach v. Schott, 192 Ill. 509.

But where no complaint has been made by the servant of the defects, and he is aware thereof, if he continue in the employment he assumes the risk and the question can not be presented to a jury to decide whether a man of ordinary prudence and caution would have so continued.   Very many employments are necessarily hazardous, fraught with great danger.   A servant entering upon such work is presumed to have assumed apparent risks, and if injured because of an open danger known to him, he is injured from a hazard which by the terms of his employment he assumed, and the question is not to be submitted to a jury, whether such open and apparent risk was one which a man of ordinary prudence and caution would have taken; because a servant assumes open and apparent risks, incident to his employment—not such risks merely as an ordinarily prudent and cautious man would take.   Foley v. Jersey City Electric Light Co., 24 Atlantic Rep. 487; Worden, Adm'r, v. The Humeston & Shenandoah Ry. Co., 72 Ia. 201–207; Bailey on Personal Injuries, Sec. 938–941–945; L. E. & W. Ry. Co. v. Wilson, 189 Ill. 89–99; Jones v. Roberts, 57 Ill. App. 56–60; Goldie v. Werner, 151 Ill. 551–556.

The instruction mentioned, is inconsistent with others given; which the jury followed can not be told.   Being upon a vital point, the giving of it can not be overlooked. East St. Louis Storage Co. v. Sculley, 63 Ill. App. 147; Sinnet v. Bowman, 151 Ill. 146.

The judgment of the Superior Court is reversed and the cause remanded.