## The Lutcher & Moore Lumber Co. v. Howard P. Eells et al., Trustees.

1. PRACTICE—*Capacity in Which Plaintiff Sues Must be Put in Issue by Special Plea.*—Where the defendant desires to put in issue the capacity in which the plaintiff sues he must deny such capacity by a special plea.

2. EVIDENCE—*Of Account Stated.*—Where the evidence shows that an account ran over a period of more than three years and that the plaintiff sent statements to the defendant by mail from time to time, giving dates and amounts which were received by the defendant and retained, and no objection was at any time made to any of the charges in such bills, it is sufficient to justify a finding in favor of the plaintiff as on an account stated.

Attachment.—Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge presiding. Heard in this court at the October term, 1902. Affirmed. Opinion filed May 28, 1903.

ABEL L. ALLEN, attorney for appellant.

HAMLINE, SCOTT & LORD, attorneys for appellees.

Where plaintiff sues in a representative capacity, if the defendant would contest his right thus to sue he must make denial of it by special plea. The general issue is a waiver of all exceptions to the capacity in which plaintiff sues, and relieves plaintiff from making any proof of his right to sue in such capacity. Dye v. Gritton, 29 Ill. App. 54; Chicago Legal News v. Browne, 103 Ill. 317; Ballance v. Frisby, 2 Scam. 63; Collins v. Ayers, 13 Ill. 358; Transit Co. v. Shacklet, 119 Ill. 238; 1 Chitty on Pleadings, 489, and notes.

Between merchants an account rendered and not objected to within a reasonable time becomes a settled account, which is conclusive between them unless fraud, mistake or inaccuracy is shown, and between others than merchants the rendering and retention of such an account is *prima facie* an admission of its correctness. McCord v. Manson, 17 Ill. App. 118; Mackin v. O'Brien, 33 Ill. App. 474; Wiggins v. Burkham, 10 Wall. 129; Lockwood v. Thorne,

11 N. Y. 170; 18 N. Y. 285; Powell v. Pac. R. R. Co., 65 Mo. 658; Freeland v. Haron, 7 Cranch. 147.

MR. JUSTICE WINDES delivered the opinion of the court.

The New York Wood Vulcanizing Co. began attachment against the appellant company for the use of Eells and others, trustees of plaintiff, in which garnishees were served and answered, showing an indebtedness to appellant amounting to $1,923.45. The declaration was amended and the suit thereafter was in the name of Eells et al., trustees of the New York Wood Vulcanizing Co., as plaintiffs. Both the original and amended declaration show that the said vulcanizing company was a corporation formerly existing under the laws of the State of New York, but at the time the suit was commenced the corporation was in dissolution. The only plea to the amended declaration was the general issue.

The cause was submitted to the court for trial without a jury, which resulted in a finding of the issues for the plaintiffs and an assessment of their damages at $1,125.10 and judgment thereon against appellant in the usual form, from which this appeal is taken.

The principal contention on behalf of appellant is that the action could not be sustained for the reason that the vulcanizing company, which was formerly a foreign corporation existing under the laws of the State of New York, had, at the time the suit was commenced, been dissolved— was civilly dead, and could not, therefore, maintain any action in the courts of this state.

If appellant were in a position to raise this question, it would not be without authority in other jurisdictions to support the claim. The question does not seem to have been directly adjudicated in this state. By reason, however, of the fact that the appellant only pleaded the general issue, we are of opinion it is precluded from raising the question in this court. By the amended declaration it appears that the plaintiffs sued in the capacity of trustees of the vulcanizing company, in other words, they sued in a

representative capacity. If the appellant had desired to put in issue the capacity in which the plaintiff sued, it should have denied it by a special plea, which was not done. Ballance v. Frisby, 2 Scam. 63; Chicago Legal News v. Browne, 103 Ill. 317; Dye v. Gritton, 29 Ill. App. 54; 1 Chitty's Pleading, 489, and notes.

In the Dye case, *supra*, which was a suit by an administrator appointed in a foreign jurisdiction, in which the question arose as to the right of the plaintiff to maintain the suit, the court, among other things, say:

" There was no plea under which such a question could arise. If the defendant desired to dispute the right of the plaintiff to sue in the capacity of administrator, he should have interposed a plea to that effect. The right of the plaintiff to sue as administrator, not having been put in issue by plea, it was not necessary to make any proof in respect to his appointment or his right to sue in the assumed capacity." (Citing cases.) " The defendant, by his pleading, waived the question."

The other cases cited are to the same effect, the court holding in the Browne case, *supra*, where the assignees in bankruptcy of the plaintiff were substituted as parties plaintiff in place of the bankrupt, and the defendant pleaded to the merits of the case, he thereby waived his right to contest the representative capacity of the plaintiffs.

Other contentions are made, to the effect, in substance, that there was no sufficient proof of the plaintiffs' claim, which, in the view of the case taken by us, do not need specific mention. The suit was for the use of certain docks, wharves and piers of the vulcanizing company by certain vessels, at the instance of appellant. No question is made as to the amount of the finding and judgment of the court —only as to the sufficiency of the evidence to support it. The declaration consists of six counts and the common counts, including one on an account stated, which does not appear in the abstract. The evidence in part shows that the account ran over a period of more than three years, commencing in the year 1896 and ending in the year 1899. The vulcanizing company sent statements to appellant by

mail, from time to time, for the charges of wharfage on different vessels, giving dates and the amounts, with the names of the vessels, which were received by the appellant and retained until in April, 1902, and in so far as the record shows, no objection at any time was made to any of the charges in such bills, but on the contrary, after receiving several bills rendered in the year 1896, appellant continued to make shipments during the three following years. We think the evidence sufficient to justify the court in finding in favor of the plaintiff as on an account stated. McCord v. Manson, 17 Ill. App. 118–21, numerous authorities therein cited; Mackin v. O'Brien, 33 Ill. App. 474; Peoria G. S. Co. v. Turney, 58 Ill. App. 563; Weigle v. Brautigam, 74 Ill. App. 285–92; Neagle v. Herbert, 73 Ill. App. 17–27.

The objections of appellant's counsel as to the admission of certain evidence by the learned trial judge are not cause for reversal, as there is no doubt as to the competency of the evidence as to the account stated, and the trial being without a jury, it must be presumed that the court acted only upon competent evidence.

The judgment upon the evidence in the record being, in our opinion, justified, and there being no error shown, it is affirmed.