### Edwin B. Harte et al. v. Alexander Fraser.

#### Gen. No. 12,797.

1. MACHINERY AND APPLIANCES—*what essential for servant to recover because of defective.* A servant, in order to recover for defects in the appliances of the business in which he is engaged, is called upon to establish three propositions: first, that the appliance was defective; second, that the master had notice thereof or knowledge or ought to have had; and third, that the servant did not know of the defect and had not equal means of knowing with the master.

2. ASSUMED RISK—*when instruction which ignores, is erroneous.* An instruction as follows:

"If the jury believe from the preponderance of the evidence that the plaintiff while in the exercise of ordinary care was injured by or in consequence of the negligence of the defendant, as charged in the second count of his amended declaration, then you can find the defendant guilty,"—

is held erroneous as ignoring the defense of assumed risk which was one of the defenses at the trial of the case.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. GEORGE A. DUPUY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1905. Reversed, with finding of fact. Opinion filed December 11, 1906.

**Statement by the Court.** Plaintiff, appellee, brought this action against Franklin S. Hanson to recover damages for personal injuries. Appellee was employed by Franklin S. Hanson as night engineer in charge of the boilers and engine in a certain manufactory in the city of Chicago. There were two boilers arranged side by side in the basement of the

factory. The boilers fronted north. The east wall of the basement was five or six feet from the east boiler, and the west wall was three or four feet from the west boiler. The south wall was from five to eight feet from the rear end of the boilers. The space between the boilers and the east wall was usually somewhat obstructed with ashes. The space between the boilers and the west wall was always open and clear. Directly behind the west boiler and about midway between the end of the boiler and the south wall was a catch basin about two and one-half feet in diameter and two or three feet deep. It usually contained hot water from the boilers, conveyed to it by pipes from each boiler. On each pipe just behind the boiler was a stopcock which when opened would allow the water in the boiler to run out through the pipe into the catch basin.

The defendant having died before the trial, the plaintiff, appellee, was not allowed to testify as against appellants, the administrators of his estate, who had been substituted as defendants. No one saw appellee injured, and the way in which the injury occurred is therefore a matter of inference only from the known circumstances.

It appears that on the evening before the accident appellee went to work at his usual hour. About two o'clock the next morning he was called to one of the upper floors of the building to assist in fixing a break. While he was thus engaged too much water was pumped into the boilers. This made further progress in the work unsatisfactory, and it was decided to shut down and do no more work that night. Appellee was told to let some of the water out of the boilers and put things in good order for the day engineer. The day engineer found the torch which was for the use of the night engineer, about two feet from the catch-basin, and the stopcock to the east boiler open. Appellee was found about twelve or fourteen

feet from the boilers and all the skin was off his legs.

The trial resulted in a verdict for $8,000 against appellants and a judgment was entered thereon.

F. J. CANTY and J. C. M. CLOW, for appellants.

THEODORE G. CASE and JOHN T. MURRAY, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

The original declaration consisted of three counts. On the first trial of the case appellee withdrew the first and third counts. The declaration consists now of the second count, which is as follows:

"And also, for that, whereas, the said Franklin S. Hanson, deceased, in his lifetime, on or about the 10th day of August, A. D. 1898, was possessed of, using and operating a certain manufactory in the city of. Chicago, in the county of Cook, and which said factory contained large quantities of machinery and steam boilers, and the said Franklin S. Hanson had then and there engaged the services of the plaintiff to work in and about said machinery and steam boilers, and whilst the plaintiff was then and there rightfully and with due care and diligence upon his part, working around and about said boilers and machinery, the said Franklin S. Hanson then and there carelessly, negligently, wrongfully and improperly permitted and allowed a certain open catch-basin to be and remain filled with hot water near to said boilers in a dark corner of said premises and permitted the same to be and remain without any reasonably safe cover or protection around and about said catch-basin and to be and remain wholly dangerous and unsafe in such manner as to render the passage of the plaintiff about said boilers to be extremely dangerous, and by means of the premises whilst he was passing by said boiler with due care and diligence upon his part and in the pursuit of his business he un-

avoidably tripped, slipped and fell into the said catch-basin so then and there filled with said hot water and was thereby grievously and seriously injured and the skin of .the plaintiff was thereby taken from divers large portions of his body and he became and was internally injured and the muscles and ligaments of his body greatly injured, and he became and was permanently injured and disabled, and paid out and became liable to pay divers large sums of money for medical and surgical attendance, and was hindered and prevented from attending to his affairs and business and lost divers great gains and profits he otherwise could and would have made.

To the damage of the plaintiff of $15,000, and, therefore, he brings his suit.''

This case was before this court on appeal from a former trial and judgment upon this. count, and the judgment was reversed for error in an instruction. Harte v. Fraser, 104 Ill. App. 201. Whether the evidence now before us is the same as that introduced on the former trial or different, the record does not disclose.

The evidence shows that appellee had complete charge of the boilers and engine and did the firing during the night; that he relieved the day engineer about six o'clock P. M., and the day engineer took charge again about 6:30 in the morning. Appellee was a man of mature years and had been at work in the place several weeks. The catch-basin had never had a cover to it or any guard around it. The place was dark even in the daytime. For that reason a torch was provided for the use of the engineer when going about the boilers. With the lighted torch the catch-basin could easily be seen. When the day engineer left the night before the accident the torch was near the engine, about two rods from the back of the boiler, showing that it had been used by appellee during the night.

Aside from the testimony of appellee as to his con-

dition after the death of Hanson and the testimony of the physicians there is no other evidence in the record.

From the above stated facts the court and the jury could infer the employment of appellee by Hanson and the duties of appellee under the employment, and the actual knowledge of appellee of all the physical conditions of the boiler room, and among them the uncovered and unprotected catch-basin containing hot water. It may also be inferred that while appellee was in the upper part of the building by the order of the superintendent, Kelley, assisting in repairing a breakdown in the machinery there about two o'clock in the morning, too much water was pumped into the boilers, and that in obedience to the order of Kelley, work in the factory was shut down, and appellee was directed to put the boilers and engine in good condition for the engineer in the morning. The inference that appellee commenced to draw the surplus water from one of the boilers is justified from the fact that Wagner, the day engineer, found the stopcocks in the pipe leading from the east boiler into the catch-basin open. But we find no basis in the evidence for the jury to draw any inference as to the manner of the happening of the accident, or whether appellee was exercising due care or any care, at and just prior to the time of his injury. Any inferences on these subjects are impossible under the evidence for want of facts as a basis. Any conclusions upon these subjects are necessarily the results of speculation, nothing more.

It appears in the testimony that on account of the excessive quantity of water in the boilers, water ran over from the boilers into the cylinder of the engine, and that this had to be withdrawn in some manner in order to leave the engine in good condition for the day engineer. How this was done does not appear in the record. But the inference cannot be drawn

legitimately that appellee slipped into the catch-basin as averred in the declaration. That is a matter of reasonable conjecture, but it is not a conclusion based on any evidence contained in the record.

In our opinion the evidence in this case does not meet or fulfill the rule of law in respect to the burden of proof that is imposed upon a servant in a suit against his master for injuries resulting from defective machinery, appliances, etc., as stated in section 414 of Wood on the Law of Master and Servant: "The servant in order to recover for defects in the appliances of the business, is called upon to establish three propositions: 1st. That the appliance was defective. 2nd. That the master had notice thereof, or knowledge, or ought to have had. 3rd. That the servant did not know of the defect, and had not equal means of knowing with the master." Goldie et al. v. Werner, 151 Ill. 551-556; C. & E. I. R. R. Co. v. Heerey, 203 *id.* 492-499. As said in the latter case: "The third proposition, of course, relates only to patent defects, and does not embrace the duty of inspection to discover latent dangers and defects."

Tested by this rule it seems to us to be quite clear that the proof in this case does not make out a case entitling appellee to recover; and that the trial court should have given the instruction requested by appellants at the close of the plaintiff's case ordering the jury to find the defendants not guilty.

Upon the former appeal of this case (104 Ill. App. 205), this court said: "The defense interposed upon the trial to evidence tending to sustain such second count was that the open condition of the catch-basin and its being filled with hot water were things concerning which plaintiff was fully informed and the risk therefrom assumed by him; the defendants introduced much evidence tending to sustain such defense. In view of such evidence the defendants asked the court to instruct the jury as follows·

'If you find from the evidence that the plaintiff, Fraser, knew and understood the conditions herein complained of, and knew the risk or danger, if any, on account of such conditions, and that with such knowledge the plaintiff voluntarily continued in his employment, he assumed the risk and cannot recover, and you should find the defendants not guilty.' * * * The instruction as asked was proper and should have been given.''

This we understand to be the law. It is the law of this case. From the facts shown in evidence it appears that appellee had been night engineer in charge of the boilers and engine in question three or four weeks, and had been engineer there before that. There was no complaint by him or assurance by Hanson that everything was all right and an order to go on with his work, or promise by Hanson to remedy any defect in the appliances. It is a reasonable inference (and indeed the only inference legitimately to be drawn upon the subject), from the evidence that appellee knew of the catch-basin, where it was located, and that it contained hot water. Under these circumstances he assumed the open and apparent risk or danger on account of the conditions in the engine room. Harte v. Fraser, *supra;* Montgomery Coal Co. v. Barringer, 218 Ill. 327; Ill. Steel Co. v. Mann, 170 Ill. 200; Lake Erie & W. Ry. Co. v. Wilson, 189 *id.* 89; Webster Mfg. Co. v. Nisbett, 205 *id.* 273; Gunning System v. Lapointe, 212 *id.* 274.

We are of the opinion that the court misdirected the jury as to the law of the case by giving the following instruction at the request of appellee:

''If the jury believe from the preponderance of the evidence that the plaintiff while in the exercise of ordinary care was injured by or in consequence of the negligence of the defendant, as charged in the second count of his amended declaration, then you can find the defendant guilty.''

In the first place there was no evidence, as we have seen, of the exercise of ordinary care on the part of

Harte v. Fraser.

the plaintiff.  Hence, that part of the instruction had nothing to support it in the evidence.  Secondly, it excluded in the most definite manner the defense of assumed risk.  The only averment of negligence in the count referred to in the instruction is that Hanson "negligently permitted and allowed a certain open catch-basin to be and remain filled with hot water near to said boilers in a dark corner of said premises, and permitted the same to be and remain without any reasonably safe cover or protection around and about said catch-basin," etc.  The declaration does not allege the absence of knowledge on the part of the plaintiff of the condition complained of and his voluntarily remaining at the work with such knowledge and without complaint on his part or assurance of safety or promise of repair by Hanson.

The most recent case on this point decided by our Supreme Court is Montgomery Coal Co. v. Barringer, *supra*.  Speaking of an instruction in substance the same as the one now under consideration the court said, at page 336:

"This instruction wholly ignores the question of assumed risks, which was vital to the appellant's defense, and was, in effect, a direction to find in favor of appellee, as all the facts found in this instruction, upon which the directed verdict was predicated, were substantially conceded to be true by appellant.  The giving of the instruction constituted reversible error.  (Lake Erie & Western Railroad Co. v. Wilson, *supra*.)"

For the reasons given the judgment is reversed with a finding of fact.

*Reversed with finding of fact.*