L. M. Larson, Appellee, v. Albert H. Lybyer, Appellant.

Gen. No. 9,241.

Heard in this court at the April term, 1940. Opinion filed February 25, 1941. Rehearing denied December 26, 1941.

WALTER B. RILEY and WALLACE M. MULLIKEN, both of Champaign, for appellant.

AUGUST C. MEYER and JOHN L. FRANKLIN, both of Champaign, for appellee.

MR. JUSTICE FULTON delivered the opinion of the court.

This is an appeal from an order of the circuit court of Champaign county denying appellant's motion to open a judgment by confession entered against him on several judgment notes.

The complaint of the appellee was filed on August 9, 1939. Attached to the complaint were six original notes upon which a judgment in the sum of $66,444.50 was based. The complaint alleged and the cognovit admitted there was due on the notes the sum of $33,832 as principal, $29,529.30 interest and $3,383.20 attorney's fees. All of the notes were signed by the appellant, all dated January 28, 1927, due 5 years after date and payable to "Laurence M. Larson and Lillian M. Larson." All notes bore interest at the rate of 7

per cent from date except note No. 6 which did not bear interest until after maturity. Each note provided for 10 per cent of the principal as attorney's fees.

The complaint further showed that at the time of entering judgment Laurence M. Larson was dead and that Lillian M. Larson was duly appointed executrix of his estate. Indorsed on the reverse side of each note was the following:

"I hereby assign all interest in the within note to L. M. Larson.

"Lillian M. Larson

"Lillian M. Larson, individually and as Executrix of the Last Will and Testament of Laurence M. Larson, deceased."

It was alleged that L. M. Larson and Lillian M. Larson were one and the same person.

After the judgment was entered the appellant filed his motion to open judgment to stay execution and for leave to plead to the merits, supported by an affidavit and exhibits attached thereto. Subsequently he filed an amendment to the motion and an amendment to the affidavit, and later on filed a second amendment to the motion and a second amendment to the affidavit, leave of court having been first sought and obtained. Upon a hearing and after considering the same the court denied the motions of the appellant and he has perfected his appeal from that order to this court.

The sole error relied upon by appellant for reversal is that the court erred in denying his motion to open up the judgment and grant him leave to plead to the merits. He argues the following propositions of law in support of said contention.

First. Defects in complaint, cognovit and affidavit apparent on the face thereof.

Second. The appellee had no right to sue.

Third. Want or failure of consideration.

Fourth. That the notes were not intended to be ob-

ligatory upon the appellant and were delivered conditionally.

The defects complained of by appellant as apparent on the face of the record are first; that there is no proof of the amount due on the notes in the appellee's affidavit. If the doctrine adopted in the case of *Hinds v. Hopkins,* 28 Ill. 344, had not been modified by holdings in subsequent cases, the point might be considered serious. However, in *Rising v. Brainard,* 36 Ill. 79, the court said, "Before a judgment will be set aside because an affidavit was not filed showing that the defendant was alive and that the debt was due and unpaid, the party making the application is required to show some equitable reason therefor." The language of the court in *Farwell v. Meyer,* 35 Ill. 40, and *Stewart v. Hibernian Banking Ass'n,* 78 Ill. 596, seem to support this later rule.

It is next urged by appellant that all of the notes bear the indorsement of Lillian M. Larson, executrix of the estate of Laurence M. Larson, deceased, and that because there was no proof other than the allegation in the complaint concerning the executrixship of Lillian M. Larson, and no proof of the death of Laurence M. Larson, that the court was without power to enter the judgment. Our courts have held that where the right to sue as an administratrix was not put in issue by a special plea, it was not necessary to make any proof in respect to her appointment or right to sue in her representative capacity. *Harte v. Fraser,* 104 Ill. App. 201; *Union Railway & Transit Co. v. Shacklet,* 119 Ill. 232.

Appellant further contends that the warrant of attorney does not authorize a confession by the attorney in fact of a judgment in excess of the amount of the principal interest and attorney's fees. This point is conceded by appellee and there is reason for believing that the amount of the judgment might be in excess of

the actual amount due, but such fact would not invalidate the judgment except as to such excess and the balance of the judgment would remain unimpaired. *Ammondson v. Ryan,* 111 Ill. 506; *Ralph v. Baxter,* 66 Ill. 416.

Our Negotiable Instruments Act, section 52, prohibits the negotiation of the moiety of an instrument, the purpose being to prevent a multiplicity of suits, and we think it is clear that the payee of a note cannot indorse a part of the note to some other person, leaving himself the owner of the remaining portion of the instrument, or indorse the whole of said note to several payees when such division of the ownership of said note might divide the cause of action. Where, however, one joint payee indorsed to the other and the ownership of the note is merged in one person and where the maker could only be subjected to one suit we do not believe the section applies.

As to his third and fourth points, appellant insists that he is entitled because of the subject matter set forth in his affidavits, to defend on the ground of failure of consideration, and that the notes were not intended to be obligations upon the appellant, but were delivered conditionally. The sufficiency of the affidavits filed in support of the motion to open up judgment are therefore directly in question.

The affidavit alleges the following facts: that the notes executed by appellant and delivered to Laurence M. Larson and Lillian M. Larson, totaling $33,832, were not his personal obligation but were evidences of and receipts for a certain trust arrangement between the payees of said notes and the appellant; that the said Laurence M. Larson and Lillian M. Larson during the years 1924 and 1925 had many and large investments in real estate and bonds and mortgages secured by real estate in the State of Florida, totaling $31,600. Attached to the affidavit were a number of receipts, all executed by appellant and others showing

payment of large sums of money by said payees in various Florida real estate projects.

The affidavit further states that during the years 1926 and 1927 the said investments had depreciated greatly in value, and on January 28, 1927, because the Larsons were unable to pay the assessments being levied from time to time on the purchases of Florida real estate in which they were interested, the said payees requested appellant to take over all of said investments and hold the same as their trustee for the purpose of liquidating the same when he might be able and pay the amounts realized out of the liquidation funds to the payees of said notes; that on January 28, 1927, which was also the date of the notes, the said Laurence M. Larson and Lillian M. Larson conveyed all of their right, title and interest in the various investments in Florida; and that as further evidence of the trust arrangement between the said payees of the notes and appellant, two memorandum agreements were entered into by the same parties; that the face amount of the notes together with the interest on said investment was greatly in excess of the actual value of said properties at that time; that the amount of the notes was fixed by agreeing on the original amounts invested by the Larsons, and adding thereto interest at the rate of 7 per cent per annum for all amounts so invested; and that it was agreed the notes were to be paid out of the liquidation of the Florida properties and were not to be the absolute obligation of Albert H. Lybyer, the appellant.

The affidavit also avers that appellant without the solicitation of the payees or either of them delivered as collateral security to further secure the payment of said notes, certain bonds of Urbana-Miami Syndicate of a face value of $32,000, and that it was understood and agreed that the collateral represented by said bonds was in addition to and in excess of the original investment of the said Larsons in Florida lands; that

the said Lillian M. Larson still holds all of said bonds as collateral security for the said notes, and that she should in equity credit against the note obligation of appellant, the face amount of said bonds, together with interest, and that the said securities on their face totaled greatly in excess of the face amount of said notes and were more than adequate to discharge said obligations.

The affidavit also states that at no time after the delivery of the notes had the said Laurence M. Larson or Lillian M. Larson ever made any demand or request for payment of interest on said notes, nor did they ever expect or claim to appellant that they were entitled to receive anything other than what might be salvaged by liquidation of the investments assigned to Clara A. Lybyer; that at the time of the execution of the notes and the contracts, the payee Laurence M. Larson well knew that there were large outstanding obligations on account of said investments in the aggregate of more than $30,600; and pursuant to the provisions of the supplementary agreement the appellant did assume, pay and satisfy and discharge all of said obligations and cause the Larsons to be released and discharged from all of said obligations.

Attached to the affidavit together with many other exhibits was a memorandum of agreement dated January 28, 1927, providing for the transfer by the Larsons to Clara A. Lybyer of certain of the Florida investments, and for the execution and delivery by Albert H. Lybyer of notes, payable to the Larsons, aggregating $33,832.

Attached also to the affidavit was the supplementary agreement under the same date providing that the Larsons convey certain Florida real estate to Albert H. Lybyer, and further providing that said Lybyer assume all responsibilities in connection with said properties. Indorsed on the margin of said contract is a notation that such notes were paid and canceled.

In the affidavit of appellant filed with the amended motion to open up judgment it was stated that the various properties transferred on January 28, 1927, valued as of that date, were in fact less than the amounts to become due on the various obligations by $21,012.95, and that the actual amounts realized on the properties as against the amounts paid by appellant on the obligations against said property resulted in a net cash deficit to Albert H. Lybyer in the sum of $3,482.15; that nothing of value from said properties remains in the hands of appellant, except some bonds worth about $240.

The affidavit further stated that Laurence M. Larson knew at the time of the transfer of the Florida properties that they were of no actual cash value as is shown by his letter of January 27, 1927, requesting appellant to make some arrangement to handle the obligations for him, the result of which was this contract of January 28, 1927.

The letter referred to was from Laurence M. Larson to Professor Lybyer, dated January 27, 1927, setting forth that if the profits from the Florida real estate would not warrant 7 per cent interest the Larsons would be willing to accept a lower rate. The writer further stated that he would prefer to continue in the venture and hoped to be able to do so, but at the time could find no money with which to make the payments as they came along. The letter also stated, "It seems to me therefore, that some arrangement like the one outlined has become necessary. Inasmuch as your experience in business affairs is so much greater than ours, you will have the knowledge necessary to draw up the necessary papers and we are very glad to leave that matter to you."

Because of the apparent friendly relation existing between the maker and the payees of the notes in question, their mutual interest in investments and real estate properties in Florida for a period of years prior

to the execution of the notes, and on account of the size of the judgment and the long period of time elapsing between the date of the notes and the date of entering judgment, we have given the affidavits and all the exhibits attached thereto, a careful examination but fail to find facts contained therein which constitute a meritorious defense.

Rule 26 of the Supreme Court states in part: "A motion to open a judgment by confession shall be supported by affidavit in the manner provided by rule 15 for summary judgments, and if the motion and affidavit disclose a prima facie defense on the merits to the whole or a part of the plaintiff's demand, the court shall set such motion down for hearing. The plaintiff may file counter affidavits. If, at the hearing upon such motion, it shall appear that the defendant has a defense on the merits to the whole or a part of the plaintiff's demand and that he has been diligent in presenting his motion to open such judgment, the court shall then sustain the motion either as to the whole of the judgment or as to such part thereof as to which a good defense has been shown. . . ." Rule 15 thus referred to says, in part: "(1) The affidavits in support of a motion for summary judgment shall be made on the personal knowledge. of the affiants; shall set forth with particularity the facts upon which the plaintiff's cause of action is based; shall have attached thereto sworn or certified copies of all papers upon which plaintiff relies; shall not consist of conclusions but of such facts as would be admissible in evidence; and shall affirmatively show that the affiant if sworn as a witness, can testify competently thereto. . . ."

The subject matter of the affidavits in this case are largely conclusions that he has drawn from conversations and documents wholly outside of those which are admissible in evidence. The appellant contends that want of consideration would vitiate the notes and that

the affidavit shows that the purported properties transferred at the time of giving the notes were actually of no value; that therefore it is competent to show by parol evidence that there was no consideration. The memorandum agreement and the supplementary agreement, marked Exhibits "A" and "B" and attached to the affidavits purported to show exactly what the agreement was. "A" provides for the purchase of the Larsons' investments in Florida at a price to be ascertained by adding the total amount of cash advanced by the Larsons towards said properties, plus interest, and the giving of notes by appellant for the agreed sum of $33,832. "B" recited that Lybyer should take and assume certain obligations of L. M. Larson in reference to the Florida properties and should pay the same, and further provided for the transfer to Clara Lybyer of certain other Florida property.

The six notes and the two contracts above mentioned were all executed on the same day and appear to contain a complete statement of the transactions between the parties. The letter attached to the amended affidavit dated the day before the notes, shows that Larson called upon appellant to draw all the necessary papers to complete their arrangement.

There is no complaint on the part of appellant that any part of these contracts was not carried out to the letter, nor is there any contention that representations were made therein or elsewhere that were not true. In the case of *Richards v. Betzer*, 53 Ill. 466, the court said, "To constitute a failure of consideration to a note there must be a warranty of the property, or a false and fraudulent representation of the thing sold."

In *Leggat v. Sands' Ale Brewing Co.*, 60 Ill. 158, the court states, "Where property constitutes the consideration of a note, there can be no failure of the consideration, unless there is a warranty of the soundness

or quality of the property, or a knowingly false representation made in regard it.''

*In re Estate of Berbecker,* 277 Ill. App. 201, the court adopts and approves the following quotation from 3 R. C. L. 496, sec. 142, '' It is no defense to an action on a note, that the article for which it was given proved to be worthless, where there is no fraud, or failure of title, and no express warranty. Where a party gets all the consideration he voluntarily and knowingly contracts for, he will not be allowed to say that he got no consideration.''

Appellant places reliance on the case of *Oertel v. Schroeder,* 48 Ill. 133. In that case the plaintiff sold the defendant a quantity of beer which was represented and warranted by plaintiff to be merchantable and saleable and of the value of $8,000, whereas it turned out to be very poor beer and only worth $2,000. In the present case if the Larsons had failed to carry out their agreement as expressed in the two Exhibits ''A'' and ''B'' and had failed or refused to deliver or convey the property therein described, there would be a want of consideration, or if appellant contended that the Larsons had represented or warranted to him that the property conveyed was of a certain quality or value, and it turned out to be not of such quality or value, there would have been a total or partial failure of consideration, and parol evidence would have been admissible to show such facts. The affidavits and exhibits filed in this case do not show such a situation to exist.

The appellant further urges that the facts set out in the affidavit show that the notes were conditionally delivered, the condition being: if a sufficient amount were realized on liquidation of the Florida properties and investments to pay the face of the notes together with interest thereon, then the notes should become operative; or if a sufficient amount were realized to pay a portion of the notes, then such a portion of the notes

should become operative. A similar situation exists in the case of *Handley v. Drum,* 237 Ill. App. 587. In that case a note had been given for stock in a corporation and the defendant attempted to prove that there was an oral agreement that the note should be paid only out of dividends declared upon the stock. The court held that such circumstances did not make the delivery of the note but merely its payment conditional, and that parol proof was not admissible to contradict the express terms of the note.

We do not find any factual basis for holding that appellant was acting in a trust capacity.

Believing that appellant has not set forth a meritorious defense by the record in this case, the order of the circuit court of Champaign county denying the motion to open up the judgment is affirmed.

*Affirmed.*