Lescher Building Service, Inc., an Illinois Corporation, Plaintiff-Appellant and Cross-Appellee, v. Prairie Mills, Inc., an Illinois Corporation, and Frank W. Young, Individually, Defendants-Appellees and Cross-Appellants.

Gen. No. 10,313.

Third District.

January 26, 1961.

Woolen, Byers & Brown, of Decatur (Frank L. Byers and Rex L. Brown, of counsel) for appellants.

Frederick R. Pefferle, of Springfield, for appellee.

CARROLL, PRESIDING JUSTICE.

On November 30, 1959, the Circuit Court of Sangamon County entered judgment by confession in favor of plaintiff on a promissory note executed by defendants. The judgment was in the amount of $34,202.65, which included the sum of $4000 as attorney's fees. On December 7, 1959, defendants filed a motion to vacate and set aside the judgment, and for leave to plead. In support of the motion defendants filed an affidavit made by Frank W. Young, one of the defendants, which contained among other recitals, an allegation that the note provided for $4000 attorney's fees to be payable "upon default and that the said note is not due and payable." Further recital of the facts set up in the affidavit are omitted since the same relate to defendants' claimed meritorious defense to the action which is not involved in this appeal. Subsequently, with the court's permission, the defendants amended their motion so that it constituted solely a motion to set aside and vacate the said judgment. As one of the grounds for the amended motion defendants alleged that the judgment was null and void because the note was not in default and therefore authority to confess judgment for attorney's fees of $4000 did not exist. On January 7, 1960, the court entered an order vacating the judgment by the amount of $4000 and denying the said motion in all other respects. Plaintiff appeals from the foregoing order.

While plaintiff, in urging reversal raises numerous points, in effect its argument is that the trial court

treated defendants' motion as a motion to open the judgment and not as a motion to vacate the same; that as a result did not limit its determination to fatal defects appearing on the face of the record but instead considered matters going to the merits of the case; and that in so doing it erred.

The note upon which judgment was confessed reads as follows:

"Judgment Note

November 24, 1959

"One year after date, for value received we promise to pay to the order of Lescher Building Service, Inc., a corporation, the sum of Thirty Thousand One Hundred Seventy-six and 89/100 Dollars at Decatur, Illinois with interest at the rate of 6 per cent per annum after date until paid together with an Attorney's Fee of Four Thousand Dollars, to be due and payable upon default being made in the payment of this Note, to be included in and entered as a part of any decree or judgment on this Note, or as part of the costs in any suit hereon.

"And we, jointly and severally, irrevocably appoint any Attorney of any Court of Record in any State or Territory in the United States, to appear in any such Court in term time or vacation, having jurisdiction, at any time hereafter, either before or after the maturity of this note, and waive the issuance and service of process, and confess judgment for the amount of the above note and costs, including said sum as Attorney's Fees, and to file a cognovit for that amount, and on agreement releasing all errors and waiving all appeals in said cause, and consent that execution may issue thereon immediately, and that no bill in equity shall be filed to interfere with the operation of said judgment or any execution issued thereon. It is agreed by all signers of this note that no extension of payment to the

principal by the receipt of interest or otherwise shall release us, or either of us, from the obligation of payment.

"Witness our hands and seals, this, the day and year above written.

Attest:

PRAIRIE MILLS, INC.,
a Corporation
By /s/ Frank W. Young (SEAL)
Its President

Attest:
/s/ John W. Drennan,
Secretary
/s/ Frank W. Young,
Frank W. Young, Individually"

The core of the controversy in this case lies in the provisions of the above instrument. The terms of the makers promise to pay, the essence of the contract between the makers and the payee, is found in the first paragraph. The promise of the makers was to pay the sum of $30,176.89 one year after date with interest at 6% and upon default being made in payment of the note to pay an attorney's fee of $4000. It is thus made clear by the language of the note that payment of the amount due thereon in principal and interest prior to default completely discharged the makers liability thereon. Liability for attorney's fees arose only in the event that default was made in payment of the amount due on the note.

 It is the settled doctrine in this State that authority to confess judgment must be clear and explicit and must be strictly pursued. Weber v. Powers, 213 Ill. 370, 72 N. E. 1070; Baering v. Epp, 247 Ill. App. 51. In the latter case judgment was entered on a note which authorized confession of judgment at any time after maturity. Judgment was taken prior to

445

maturity of the note and the court there held such judgment to be void since the attorney confessing the judgment lacked authority to do so. It has also been held that the release of errors in a cognovit does not estop the debtor from showing lack of power under the warrant to confess the judgment entered. Krickow v. Pennsylvania Tar Mfg. Co., 87 Ill. App. 653. In the instant case the warrant of attorney did not authorize confession of judgment for the amount of the attorney's fees until after default in payment of the note. The language of the instrument is plain and leaves no room for misunderstanding as to the extent of the obligation of the makers or the authority conferred by the warrant of attorney. Only in case default was made in payment of the note did the makers become liable for attorney's fees. When the judgment was confessed, the makers were not in default as the note then had 361 days to run. Evidently the court did not observe that the note provided for an attorney's fee only in case of default. Its error in entering judgment for a sum in excess of an amount authorized by the warrant of the attorney was apparent on the face of the record. It was a fatal defect so far as the $4000 attorney's fees is concerned. Defendants' motion was based on such defect and the court reduced the judgment by the amount of such fees. The fact that the judgment was for an amount in excess of the actual amount due would not invalidate the judgment except as to such excess. The trial court did not set the judgment aside but corrected the same by reducing it to what was actually due plaintiff. In so doing it did not err. Ammondson v. Ryan, 111 Ill. 506; Larson v. Lybyer, 312 Ill. App. 188, 38 N.E.2d 177.

Plaintiff's contention that in passing upon the motion the trial court considered facts set up in the affidavit of Frank W. Young and thus went beyond the scope of the office of a motion to vacate is refuted by the court's order. It is therein recited that the

amended motion to set aside and vacate the judgment was denied with the exception of the item of $4000 attorney's fees. The court then gave the defendants 10 days in which to file a motion to open the judgment and for leave to plead. The language of this order clearly indicates that in entering the same the court determined only the question whether upon its face the warrant of attorney conferred authority to confess judgment for the attorney's fees. The court's action did not disturb the security afforded plaintiff by its judgment lien.

We have carefully examined the record in this case and are of the opinion that in entering the order of January 7, 1960 the trial court did not err. Accordingly its action will be affirmed.

Affirmed.

REYNOLDS and ROETH, JJ., concur.