1616 Building Corporation, Plaintiff-Appellee, v. Adolph A. Rubinson, Defendant-Appellant.

Gen. No. 49,744.

First District, Fourth Division.

September 24, 1965.

Adolph Allen Rubinson & Associates, of Chicago (Norman Hanfling, of counsel), for appellant.

Emmet J. Cleary, of Chicago, for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

Defendant appeals from an order denying his supplemented and amended motion to open up or, in the alternative, to vacate a judgment by confession for rent. Defendant also seeks to appeal from an order denying his motion to transfer and consolidate the instant suit with a complaint in equity filed by him against his landlord (plaintiff here) and others, which complaint seeks injunctive relief against this proceeding, a declaratory judgment under the lease, etc. If such an order had been entered it would not be appealable and an appeal therefrom would have to be dismissed. The record affirmatively discloses, however, that no such order was entered by the trial court. That part of defendant's attempted appeal will be treated as a nullity, and we shall confine ourselves to a review of the order first-described above.

The determinative issue before us is whether the defendant presented to the trial court a meritorious defense which would require the confession judgment to be opened and entitle him to a trial on the merits. The facts which we shall recite are drawn from defendant's amended and supplemented affidavit filed with his motion pursuant to Supreme Court Rule 23. Ill Rev Stats (1963), ch 110, § 101.23. The plaintiff did not file any counteraffidavits.

Defendant signed a lease with plaintiff for a term of three years beginning November 1, 1962 at a rental of $635 per month for apartment ($600) and garage ($35). By the terms of the lease, rent falls due on the first day of each month; if the tenant does not pay the rent within five days after it becomes due, the landlord has the right to confess judgment on the lease for the amount in default.

Upon agreement with his landlord, defendant took possession of the premises two weeks before the term began, or on October 16, 1962. Desiring to avoid the necessity of writing monthly checks, defendant prepaid his rent in the amount of $6,000. (The commuted amount paid was $5,748 because of consideration for the prepayment.) Pursuant to the lease defendant also deposited with the landlord (or Baird & Warner, Inc., who acted as agent for plaintiff) $1,200, half as a security deposit and half as payment of the final month's rent under the lease.

Under an agreement between the .parties the entire credit of $7,200 was applied to the first year's rent commencing October 16, 1962. On Baird & Warner's books, defendant's account was credited with twelve monthly payments of $600 covering the period through October 15, 1963, and defendant was so notified. The record is silent as to the garage rental for that period.

Rent for October 16, 1963 through November 15, 1963 in the amount of $635 was paid by check dated October 18, 1963.

In the early part of November, 1963 the plaintiff requested defendant to begin making payments on the first of the month, thus bringing the rental periods in consonance with the written terms of the lease. In response to this request, defendant mailed to plaintiff a check dated November 14 for $317.50 covering rent for the last half of November. The endorsement placed on the back of the check by defendant indicated, in part, that payment was being made in this amount for the purpose of putting rent on a first-of-the-month basis.

Shortly after mailing this check, defendant received from the Public Service Company an electric bill for $57.29 covering the period September 5 through November 5, 1963. Prior to September 5 the parties had agreed to limit defendant's liability for electricity to $9 per month. For purposes of convenience, the electric company was to send the bill directly to plaintiff, who would pay it and in turn charge defendant the appropriate amount. These arrangements had become necessary because the apartment was billed from a single meter which included not only items for which defendant was liable, but also items for which, according to the lease, plaintiff was liable, such as heating and air conditioning.

In order to avoid the possibility of his electricity being shut off, defendant paid the $57.29 electric bill in full. He then stopped payment on his rent check for $317.50 and sent another check to plaintiff for $260.21, representing a half-month's rent less the full amount of the electric bill. This second check also contained a notation about adjusting rent payments to a first-of-the-month basis. Plaintiff refused tender of the check for $260.21 and returned it to defendant on or about November 21, 1963.

On December 6, an attorney for plaintiff telephoned defendant and discussed with him the electric bill and other claims of defendant. It was agreed that defendant

should call the attorney on December 9. Having made the call as requested, defendant was informed (as set forth in defendant's affidavit) "that if unstated amounts were not paid by twelve o'clock (which had already passed) some unspecified steps would be taken." Defendant responded on December 11 by writing the attorney a letter disparaging the latter's conduct and informing him that a suit was being prepared for various claims of defendant against the landlord and Baird & Warner (including a claim for punitive damages), and that the complaint would be filed shortly unless matters could be settled to defendant's satisfaction.

Meanwhile, the instant suit seeking confession of judgment for rent covering the last half of November and all of December had been filed by plaintiff on December 10 and judgment was entered on December 11 for $1,052.50, including attorney's fee of $100. On December 21 defendant filed the aforementioned complaint in chancery which prayed for injunctive relief, declaratory judgment on the lease, and damages from the landlord for negligence, fraud, constructive eviction and breach of the covenant of quiet enjoyment. Defendant then presented in that suit a motion for an emergency injunction to stay further proceedings on the judgment in the instant case. A hearing was had on this motion on December 24, at which time the chancellor indicated that the motion would be denied, and an order to that effect was entered on December 26. On December 24, after learning that his motion for an injunction would be denied, defendant filed his motion to open up the confession judgment. The original motion was stricken and thereafter defendant presented a supplemented and amended motion. It is from the denial of this motion that defendant appeals.

Defendant contends that the judgment is void because it exceeds his warrant of attorney which is limited to past due rent only. According to his argument, when the confession complaint was filed on December 10 an un-

certainty existed as to whether any rent was owing to the landlord; the amount due was therefore unliquidated, indeterminable and, in any event, less than the amount confessed. Defendant makes this assertion in the face of the fact that as of December 10 no rent had been paid for the last half of November or for any part of December. He relies on two basic points. First, in modification of the lease terms, a prior course of conduct between the parties had established the 16th of the month as the due date for rent; the first of the month had not been re-established because defendant was not given proper notification; consequently, on December 10 rent was not yet due for the last half of December. Secondly, defendant's claims against the landlord were a matter of pending negotiation and no rent could be payable during this period—at least, defendant says, judgment for rent could not properly be confessed in excess of the rent then owing less the money due defendant on the electric bill.

Before considering these points in detail, we should like to make some preliminary observations. A judgment confessed in excess of the warrant of attorney is not void in its entirety (as argued by defendant), but only to the extent of the excess. Larson v. Lybyer, 312 Ill App 188, 38 NE2d 177. Also, a counterclaim against a landlord does not extinguish the obligation of the tenant to pay rent when it falls due, even though such a claim, if valid, may be set off or recouped in an action for rent. American Nat. Bank & Trust Co. of Chicago v. Nat. Mineral Co., 326 Ill App 597, 63 NE2d 142. Matters in counterclaim do not constitute a "defense on the merits" which would entitle a defendant to the opening up of a judgment by confession. Supreme Court Rule 23.

Returning to defendant's first point, it is true that a landlord may waive the right to enforce a specific provision in the lease if he has acquiesced in a course of conduct which would induce the tenant reasonably to

110

believe that the provision would not be strictly enforced. In such a circumstance, if a landlord were then to desire for the future to hold the tenant to the letter of the lease, he must reaffirm the waived provision of the lease by making a demand on the tenant and giving him sufficient notice of the landlord's changed intention. Donovan v. Murphy, 217 Ill App 31.

■ Assuming, without deciding, that plaintiff here had waived the right to collect rent on the first of each month, it is our opinion that the original terms of the lease had been adequately re-affirmed. The facts to support this conclusion are found within defendant's own affidavit. As set out earlier in this opinion, both checks which defendant sent to plaintiff in regard to the last half of November's rent were endorsed by defendant with a writing to the effect that the reduced amount of the payment was for the purpose of bringing rent to a first-of-the-month basis. It is clear from this verified submission by defendant that he had been sufficiently apprised of plaintiff's intention to re-establish the original terms of the lease as regards rental due-dates. Consequently, as of December 1, not only was rent past due and owing for the last half of November, but rent was also due on that date for all of December.

■ Defendant further argues, however, that he had certain claims against the landlord, and that these claims were still at negotiation stage when the judgment was confessed. Taken at its best, this argument appears to say that the landlord had tentatively waived collection of rent until the disputed amounts allegedly owed to defendant by the landlord might be determined. Without deciding the merits of this contention, we consider it sufficient to state that there are no facts set forth in defendant's motion or affidavit which would indicate such a waiver. In November, the landlord demanded that rent be paid according to the terms of the lease. Defendant complied but then stopped payment on his check.

111

His subsequent tender in a reduced amount was rightfully rejected by plaintiff, but for a reason which does not affect the fact that at this point both parties had accepted the first of the month as the due-date for December rent. It thus became so in law. The next contact between plaintiff and defendant was on December 6, five days after the December rent had become due and was in default according to the grace provision of the lease. A careful reading of defendant's amended affidavit discloses that the lawyer for plaintiff who talked to defendant on that date did not in any way suggest or intimate that the landlord had waived his right to confess judgment for the amount then owing.* Consequently, it cannot be said that the negotiations between the parties with respect to matters other than rent had any effect on the rent due for November and December or on plaintiff's assertions in regard thereto. It follows that the amount claimed in plaintiff's complaint was determinable from the face of the lease and warrant of attorney, and that the judgment confessed was for rent past due.

We next turn to the question of whether or not defendant's amended motion presents a meritorious defense which would require the judgment to be opened for a trial on the merits under Supreme Court Rule 23. Purporting to submit such a defense, defendant has incorporated by reference into his amended motion a verified

---

* The affidavit reads in pertinent part:

"On Friday, December 6, 1963, Tenant received a telephone call from (plaintiff's attorney) regarding the electricity bill and other matters the Landlord was to perform, at which time it was agreed that Tenant would call such attorney the following Monday, December 9th, to discuss the matter further."

The affidavit further states that on December 9, plaintiff's attorney "issued an ultimatum" that if the rent were not paid immediately steps would be taken without further notice to defendant; that the amount of rent and the steps to be taken were unspecified.

copy of his complaint in chancery. The allegations of that complaint, however, are not directed to the issue of whether or not the rent as reduced to judgment had, in fact, been due and owing, but rather amount to counterclaims in the nature of setoff and recoupment. Cf. Luther v. Mathis, 211 Ill App 596. Also, Ill Rev Stats (1963), ch 110, § 38.

■ ■ Two counts in the complaint seek damages for injury to defendant's property occasioned by the alleged negligent construction or maintenance of the windows in the apartment. These are clearly setoff matters and are not defenses to the action for rent. The remaining counts involve constructive eviction and fraudulent misrepresentations of living conditions in the apartment. Whereas each of these counts may contain sufficient facts to allege a valid defense to rent had defendant vacated the premises, since he chose to remain in possession during the period in question, this relief, too, is available to him only by way of recoupment. We conclude, therefore, that the matters presented in defendant's amended and supplemented motion and affidavit, including by reference his complaint in chancery, do not set forth a defense on the merits to plaintiff's complaint for confession judgment.

■ As stated in Vella v. Pour, 329 Ill App 355, 360, 68 NE2d 631, lv app den, 331 Ill App XV:

Upon a motion to vacate a judgment [by confession] the law reposes in the court a liberal discretion and unless an abuse of that discretion is shown, the court's action will not be disturbed. We do not believe that there was an abuse of that discretion by the trial court.

See also Pirie v. Carroll, 28 Ill App2d 181, 188, 171 NE2d 99.

■ ■ On the authority of Supreme Court Rule 23 (as amended, effective January 1, 1964), the trial court

113

*may* stay proceedings on a confessed judgment and permit the filing of a counterclaim even though a defense on the merits is not presented. Under the circumstances of the instant case, we find no error in the court's refusal to take jurisdiction of defendant's counterclaim, because it embodies in substance and fact the same claims previously submitted to, and pending in, the chancery court. We might add (as the trial court did in its order) that this decision is without prejudice to the chancery proceedings.

The order of the Circuit Court is affirmed.

Affirmed.

McCORMICK, P. J. and DRUCKER, J., concur.