NELSON D. YOUNG & others *vs.* JOHN J. GILLES.

Under an order giving a defendant leave to answer over, after an issue of fact upon a plea in abatement has been found against him, he may file a demurrer.

CONTRACT. The action was brought in the Superior Court. The defendant filed a plea in abatement upon the ground of the pendency of another suit for the same cause of action. The issue arising upon the plea in abatement was submitted to the jury, and a verdict found in favor of the plaintiff.

The court then passed an order, that the defendant might answer by the first day of the next term. Before that time, the defendant filed a demurrer to the plaintiff's declaration. *Wilkinson,* J., ruled that filing the demurrer was not a compliance with the order; and refused to hear the question arising upon it. No further answer being filed, the court ordered a default, and the defendant excepted.

*J. H. Stockwell,* for the defendant.

*F. A. Gaskill,* for the plaintiffs.

GRAY, C. J. By the common law, if the issue joined on a plea in abatement and decided in favor of the plaintiff was an issue of law tried by the court, the judgment was that the defendant answer over, and he might then set up any defence subsequent in the regular order of pleading; but if it was an issue of fact tried by the jury, final judgment was entered for

the plaintiff. Gould Pl. *c.* 5, § 159; *c.* 2, §§ 36-43. *Gage* v. *Graffam*, 11 Mass. 181. *Boston Glass Manufactory* v. *Langdon*, 24 Pick. 49. By the new practice act, when an answer is overruled as insufficient in law, the defendant shall " answer to the merits " within such time as the court shall order; and even if an issue in fact upon an answer in abatement is found against him, he may, by special order of the court, have leave " to answer over." St. 1852, *c.* 312, §§ 28, 29. Gen. Sts. *c.* 129, §§ 39, 40. " Answering over " at common law embraces every form of denying the plaintiff's right of action, whether by traverse or by demurrer. And the practice act, which substitutes, for all special pleas in bar, as well as for the general issue, in personal actions, " an answer to the declaration," provides that this answer may contain a demurrer. St. 1852, *c.* 312, §§ 12, 17. Gen. Sts. *c.* 129, §§ 11, 15.

The rule of the Superior Court, requiring " answers in demurrer " to be filed at the first term, reserves power to the court to allow further time.* The special order of that court in this case, granting to the defendant leave to answer by the first day of the next term, contained no qualification or restriction of the matters, whether of law or of fact, to be set forth in the answer. The defendant was therefore authorized, within the time specified in the order, to set up any defence to the action, which he might have made by demurrer or by plea in bar at common law. *Lee* v. *Kane*, 6 Gray, 495.

It follows that the learned judge of the court below erred in ruling that the filing of the demurrer was not a compliance with the order, and in defaulting the defendant.

*Exceptions sustained.*

---

* RULE XIV. Answers in abatement and demurrer, and pleas in abatement, shall be filed, and motions to dismiss made, within the time required for entering appearances, unless further time be allowed by the court.