MASON FISHER & another *vs.* STEPHEN T. FRAPRIE.

Bristol.    October 22, 1878.    ENDICOTT & LORD, JJ., absent.

A defendant in an action at law filed an answer containing an answer in abatement
and an answer to the merits. The judge overruled the answer in abatement, and
ordered the case to be tried on the merits, and a verdict was returned for the de-
fendant. *Held*, that the plaintiff had no ground of exception, the defendant hav-
ing the right to answer over if the answer in abatement was overruled in matter
of law, and it being within the discretion of the judge, under the Gen. Sts. c. 129,
§ 40, to allow him to answer over if it was overruled in matter of fact.

CONTRACT on an account annexed for use and occupation.
The defendant filed the following : " Answer in abatement and
answer.  And now comes Stephen T. Fraprie and answers in
abatement the nonjoinder of Thomas Fairbanks, John Gifford,
alias Gilfoy, James Cameron, Smith K. Law, William Greene
and Joseph Eaton, all of Fall River in said county, who are
jointly liable with the defendant in the cause of action declared
on, and ought to be joined with him as parties defendant in said
case, and this he is ready to prove ; and, in no ways departing
from his said answer in abatement, or waiving the same, the de-
fendant says that he denies each and every allegation of the
plaintiff's writ and declaration."

At the trial in the Superior Court, it appearing that the de-
fendant, if liable at all, was liable with other persons, known to
him, whose names were disclosed at the trial, but who were not
named in the answer in abatement, *Brigham*, C. J., overruled
the answer in abatement, and ordered the trial to proceed on the
merits ; and to this order the plaintiffs alleged exceptions, which,
after trial on the merits and verdict for the defendant, upon con-
tradictory evidence, and under instructions not otherwise ex
cepted to, were allowed by the judge.

*W. H. Peirce*, for the plaintiffs.

*H. K. Braley*, for the defendant, was not called upon.

BY THE COURT.  The answer filed by the defendant contained
both an answer in abatement and an answer to the merits ; and
the validity of either was not affected by their being pleaded
together.  *Claflin* v. *Thayer*, 13 Gray, 459.  The decision in the
Superior Court, whether in law or fact, upon the answer in
abatement, was indeed final.  Gen. Sts. c. 115, § 7.  *Wildes* v

*Marshall*, 117 Mass. 311. But if the answer in abatement was overruled as matter of law, the defendant had the right to answer over; if as matter of fact, he might do so at the discretion of the judge. Gen. Sts. c. 129, § 40. *Young* v. *Gilles*, 113 Mass. 34. The plaintiff has therefore no just ground of exception to the order of the judge allowing a trial on the answer to the merits. *Exceptions overruled.*