## PATRICK O'LOUGHLIN *vs.* FRANK W. BIRD.

Suffolk.    March 19. — June 30, 1880.    AMES & LORD, JJ., absent.

If a defendant answers in abatement and to the merits of the action in due time
and in the proper order, the fact that both answers are filed together and upon
the same paper does not operate as a waiver of the answer in abatement.

The provision of the St. of 1874, c. 271, § 11, relating to the municipal courts of
Boston, that, " upon pleas in abatement, or motions to dismiss for defect of
form in process, the decisions of said courts shall be final," applies to decisions
upon questions of law only.

If, in a municipal court, in which no trial by jury can be had, an issue of fact is
joined upon a plea in abatement, and judgment rendered for the plaintiff, and
the defendant appeals to the Superior Court, he is entitled to a trial by jury
in that court upon the same issue, but upon that only, unless that court orders
or permits him to plead anew.

REPLEVIN of goods alleged to be $100 in value, and appearing
by the appraisers' certificate to be $22 in value.    Writ dated
October 14, 1879, returnable to the Municipal Court of Boston.

On the third day after the entry of the action in that court,
the defendant filed the following answer : " And the defendant
comes and says that his name is Francis W. Bird, and not Frank .
W. Bird, and therefore he ought not to be held to answer to
the plaintiff's writ; and further answering says that the actual
value of the whole property described in the plaintiff's writ, at
the suing out thereof, did not exceed $20, and that the appraisal
of said property at $22 was procured by the fraud and collusion
of the plaintiff and the constable who served the writ, and there-
fore he ought not to be held to answer to the plaintiff's writ.

" And still further answering, the defendant says that he de-
ﾉﾆﾆies each and every allegation contained in the plaintiff's writ
and declaration, and alleges that the property replevied belonged
to the defendant, and not to the plaintiff, at the time the plain-
tiff sued out the writ aforesaid."

The record of that court showed that issue was joined on the
answer in abatement, and found for the plaintiff, and judgment
rendered for him for one cent damages and costs, and the de-
fendant appealed to the Superior Court.

Upon the entry of the action in the Superior Court, the de-
fendant filed this answer : " And now comes the defendant and
denies each and every allegation contained in the plaintiff's writ

and declaration;" and claimed a trial by jury as follows: "And now comes the defendant and claims a jury trial in the above-entitled cause." The plaintiff moved that judgment be entered for him. The court allowed this motion, and entered judgment for the plaintiff for one cent damages and costs. The defendant appealed to this court.

*Willard Howland*, for the plaintiff.

*P. H. Hutchinson*, for the defendant.

GRAY, C. J. If a defendant pleads in abatement of the writ, and to the merits of the action, in the proper order, the fact that both pleas are filed at the same time, and even upon the same paper, does not, in this Commonwealth, operate as a waiver of the plea in abatement, if seasonably filed. This mode of pleading is often convenient to both parties; to the defendant by stating, and to the plaintiff by giving him notice of, all the defences on which the defendant intends successively to rely, if the trial and judgment upon the first shall not dispose of the whole case; and it is sanctioned by a usage of more than a century. *Province* v. *Paxton*, Quincy, 548. *Fletcher* v. *Vassal*, 5 Dane Ab. 691, 710. *Fisher* v. *Fraprie*, 125 Mass. 472. The remarks in *Pratt* v. *Sanger*, 4 Gray, 84, 88, in *Morton* v. *Sweetser*, 12 Allen, 134, 137, and in *Machinists' Bank* v. *Dean*, 124 Mass. 81, 83, so far as they tend to discountenance it, are *obiter dicta*, and are unsupported by the authorities there referred to.

In *Pratt* v. *Sanger*, and in *Machinists' Bank* v. *Dean*, the plea in abatement was filed too late. *Campbell* v. *Stiles*, 9 Mass. 217, and *Coffin* v. *Jones*, 5 Pick. 61, decided no more than that a plea of abatement could not be filed after an imparlance. In *Simonds* v. *Parker*, 1 Met. 508, the decision was that a motion to quash a writ, or to dismiss an action, like a plea in abatement, could not be filed after the first term, nor after a plea in bar; and in *Kittridge* v. *Bancroft*, reported with it, the only further decision as to a plea in abatement was, that when a fact, not appearing on the record, had been pleaded in abatement, and a replication to that plea filed, traversing the fact, but no issue had been joined, and no notice taken of that plea in the record, it must be understood to have been abandoned.

In *Morton* v. *Sweetser*, the answer began by stating defences on the merits, and ended with setting up matter of abatement,

so that the defendant had, in the phrase of Lord Coke, "mis-ordered" his pleas, and thereby lost the benefit of his plea in abatement. Co. Lit. 303 *a.* The statement in Com. Dig. Abatement I. 23, is only that, "after a plea to the action, the defendant shall not plead in abatement, except where he pleads it after the last continuance;" and such is doubtless the law. *Gerrish* v. *Gary,* 1 Allen, 213. *Hastings* v. *Bolton,* 1 Allen, 529.

In the case now before us, therefore, the plea in abatement was not waived by the answer to the merits filed with it in the Municipal Court; but it was properly tried first; and the issue joined thereon being a question of fact, and found for the plaintiff, a general judgment in the action might rightly be rendered for him in that court. Gen. Sts. *c.* 129, § 39. St. 1867, *c.* 355, § 2. *Young* v. *Gilles,* 113 Mass. 34.

But the proceedings in the Superior Court present a more serious difficulty. The subject of the action exceeding twenty dollars in value, the defendant, by the Constitution of the Commonwealth, had the right to a trial by jury on any issue of fact duly pleaded. Declaration of Rights, art. 15. That right is sufficiently secured by allowing him a trial by jury, either in the Municipal Court, or in the Superior Court on appeal. *Hapgood* v. *Doherty,* 8 Gray, 373. But the Legislature cannot wholly deny him such a trial.

The provision of the act relating to the municipal courts of Boston of 1874, *c.* 271, § 11, that "upon pleas in abatement, or motions to dismiss for defect of form in process, the decisions of said courts shall be final," applies to decisions upon questions of law only, as appears by referring to the Gen. Sts. *c.* 115, § 7, concerning decisions of a justice of the Superior Court or of this court, from which it was evidently copied. The St. of 1874, *c.* 271, further provides, in § 12, that "in all civil actions and proceedings in the Municipal Court of Boston appeals shall lie to the Superior Court;" and as that statute allows no trial by jury in the Municipal Court of Boston, (as distinguished from the courts for the Southern, the Dorchester and the Charlestown Districts,) it could not, in a case like this, without violating the Constitution, make the decision of that court upon a question of fact final, in the sense of precluding the defend-

ant from demanding a trial by jury in the Superior Court on appeal.

The defendant therefore had the right to claim a trial by jury in the Superior Court. But such trial must be had upon the answer in abatement filed in the Municipal Court, unless the Superior Court shall order or permit him to plead anew. Gen. Sts. *c.* 120, § 28. *Wilbur v. Taber,* 9 Gray, 361. *Lew* v. *Lowell,* 6 Allen, 25. *Judgment for the plaintiff set aside.*