WILLIAM R. DUMAS *vs.* AUGUST MEYER.

Bristol.   October 26, 1936. — November 30, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Negligence*, Employer's liability: notice.  *Notice.*

The provisions of the employers' liability act, G. L. (Ter. Ed.) c. 153, do not preclude the maintenance of an action at common law by an employee against his employer for injury resulting from negligent failure to furnish suitable appliances for the employee's work.

Notice under G. L. (Ter. Ed.) c. 153, § 6, is not a condition precedent to the maintenance of an action by an employee against his employer at common law.

TORT.   Writ in the Superior Court dated May 14, 1934.

The action was tried before *Brogna*, J., who ordered a verdict for the defendant.  The plaintiff alleged exceptions.  The opinion sets out the entire bill of exceptions.

*A. Auger*, for the plaintiff.

*G. P. Ponte*, for the defendant.

FIELD, J.   This case, brought in the Superior Court, comes before us on the following bill of exceptions:

"This is an action of tort brought by writ dated May 14, 1934, for personal injury received by the plaintiff while in the employ of the defendant as a painter.  On May 13, 1936, the case was tried before . . . [a judge] and a jury.

"The plaintiff's declaration reads as follows: 'And the plaintiff says that on or about May 29, 1933, he was in the employ of the defendant; that it was the duty of the defendant to furnish him with suitable machinery and appliances for the proper prosecution of his work as such employee; that it was the duty of the defendant to keep such machinery and appliances in repair and proper condition; that the defendant negligently failed to so furnish and so keep in repair and condition; whereby the plaintiff, while in said employ, and while in the exercise of due care and diligence, was injured, and suffered great bodily pain and mental anguish, and paid out large sums of money for

medicines and medical attendance.' The answer is a general denial and contributory negligence on the part of the plaintiff.

"The plaintiff's evidence tended to prove that the plaintiff was a journeyman painter in the employ of the defendant, a master painter. On the day of the accident, May 29, 1933, while the plaintiff and two other painters were working on a staging painting the outside of a house, a nut on the end of a bolt slipped its thread because of the rusty condition thereof, causing the bolt to slip through the end of the 'spreader,' thereby causing one end of the staging to fall, and in consequence the plaintiff fell to the ground, a distance of about fifteen feet, and sustained the injury complained of. There was other evidence tending to show the defendant's negligence and the plaintiff's due care. No written notice was given by the plaintiff to the defendant of the time, place and cause of the injury. Shortly after the accident, the defendant came to the scene of the accident and inspected the details thereof. This bill of exceptions contains all the evidence material to the issues.

"At the close of the evidence, the defendant made a motion for a directed verdict, which was allowed and the . . . [plaintiff's] exception was duly saved. Before the allowance of the motion, the parties agreed and stipulated that if the case should have been submitted to the jury, judgment is to be entered for the plaintiff for $1000, otherwise for the defendant."

The direction of a verdict for the defendant was error.

The defendant contends that on the evidence the "notice of the time, place and cause of the injury" required by·G. L. (Ter. Ed.) c. 153, § 6, for the maintenance of an action under the employers' liability law (G. L. [Ter. Ed.] ˙c. 153, § 1), was not given. He contends also that the provision of St. 1935, c. 387, added by amendment to G. L. (Ter. Ed.) c. 153, § 6, that "Want of notice as required by this section shall not bar proceedings if it is shown that the employer, or any agent of the employer exercising superintendence, had knowledge of the injury, or if it is found as a fact that the employer was not prejudiced by such want of notice," is inapplicable because the accident occurred before

this amendment took effect. These contentions are based on the assumption that this is an action under the employers' liability law. We do not discuss them for we are of opinion that this is an action at common law.

The employers' liability law, first enacted as St. 1887, c. 270, and now embodied in G. L. (Ter. Ed.) c. 153, § 1, and related sections, does not take away from an employee any cause of action which he had at common law. Even if a case is within the terms of the statute an employee may, if he chooses, bring an action at common law subject to the principles of law governing such actions. And the statutory requirement of notice, or excuse therefor, is not applicable to an action at common law. *Ryalls* v. *Mechanics' Mills*, 150 Mass. 190, 193, 196. *Clare* v. *New York & New England Railroad*, 172 Mass. 211, 212.

The declaration does not purport to be a declaration under the statute. It does not refer expressly to the statute, follow closely the language of the statute or contain all the allegations essential to a declaration under the statute. See *Steffe* v. *Old Colony Railroad*, 156 Mass. 262, 263. It cannot rightly be said that this plaintiff "insists on relying upon the statute alone." *Ryalls* v. *Mechanics' Mills*, 150 Mass. 190, 196. On the other hand the declaration alleges in substance all the essential elements of a cause of action at common law for personal injury sustained by the plaintiff as a result of the defendant's negligence in failing to furnish the plaintiff "with suitable machinery and appliances for the proper prosecution of his work" as an employee of the defendant and in failing to "keep such machinery and appliances in repair and proper condition." See *McPhail* v. *Boston & Maine Railroad*, 280 Mass. 113, 118, and cases cited. Purely formal objections to the declaration, if any, not having been raised by demurrer, were waived by the defendant by going to trial on the merits. *Buck* v. *Hall*, 170 Mass. 419, 421.

The evidence specifically set forth in the bill of exceptions warranted a finding that the plaintiff, while in the employ of the defendant, sustained a personal injury caused by a defective bolt or nut in a staging used by him in the course of his employment. This evidence with the evidence sum-

·marily described as "other evidence tending to show the defendant's negligence" warranted a finding that the defendant was negligent as alleged in the declaration. And the evidence did not require a finding that the plaintiff voluntarily assumed the risk of injury or was guilty of contributory negligence. Indeed, as summarily stated in the bill of exceptions, there was "evidence tending to show . . . the plaintiff's due care."

It follows that, though it must be taken that the verdict was directed by the judge with the declaration before him and in view of its averments (*Brasslavsky* v. *Boston Elevated Railway*, 250 Mass. 403, 404), such direction of a verdict for the defendant cannot be supported on the ground that a verdict for the plaintiff on the declaration was not warranted by the evidence. The case should have been submitted to the jury.

In accordance with the agreement of the parties judgment is to be entered for the plaintiff for $1,000.

*So ordered.*