HYMAN KRINSKY *vs.* STEVENS COAL SALES COMPANY, INC.

Suffolk.    January 7, 1941. — September 9, 1941.

Present: FIELD, C.J., DONAHUE, COX, & RONAN, JJ.

*Practice, Civil,* Entry of judgment, Abatement, Waiver, Order of court. *Waiver.*

Undetermined chargeability of an alleged trustee summoned by a special precept issued before the overruling of an answer in abatement upon an issue of fact prevented the action from becoming ripe for judgment on the judgment day next after the overruling.

The filing of a further answer after the overruling of an answer in abatement upon an issue of fact, without an express order authorizing such filing, was shown to have been impliedly sanctioned by the court and lack of such an express order to have been waived by the plaintiff, by subsequent steps of the parties and orders of court based on the assumption that issue had been joined by the filing of the further answer; and there was no merit in a contention first made by the plaintiff thereafter that the action had gone to judgment under G. L. (Ter. Ed.) c. 231, §§ 50, 53.

CONTRACT. Writ in the Superior Court dated November 10, 1939.

The plaintiff's motion to order the clerk to enter judgment was denied by *Donnelly,* J., and the plaintiff was nonsuited by *Collins,* J.

*B. Goldman,* for the plaintiff.

*H. E. Stevens,* for the defendant.

RONAN, J. This is an action upon an account annexed

to recover for legal services and disbursements. The defendant filed a plea in abatement, so called, in which it alleged that it was a corporation organized under the laws of the Commonwealth of Pennsylvania, where it had its only place of business; that it was not at the commencement of this action or at any time thereafter doing business in the Commonwealth of Massachusetts; and that the person upon whom process was served was not its agent or authorized to accept service in its behalf. After a hearing, the plea was ordered overruled on January 23, 1940. No claim of exception was made or filed by the defendant either at the hearing or within three days after the receipt from the clerk on January 24, 1940, of notice of this order. The defendant, on February 1, 1940, filed an answer which contained a general denial and a claim of payment. On February 7, 1940, the plaintiff filed a motion for immediate entry of judgment, setting forth that the action was one to recover a debt for legal services and that in his belief the defendant had no defence. This motion was heard on February 12, 1940, and the case was ordered on the next pre-trial list. No exception was taken by either party after receiving notice of this order on February 14, 1940. The defendant, by leave of court, filed on February 13, 1940, a counter affidavit to the plaintiff's motion, in which it set forth its defence. At the pre-trial hearing on February 27, 1940, both parties were represented and informed the court that the pleadings were complete. An order was made, "Pleadings complete. No further amendments." When the case was reached for trial on the merits, the plaintiff sought to amend the declaration and the trial judge referred the case to the pre-trial session where leave to amend was denied. When the case was reached a second time for trial, on May 7, 1940, the plaintiff for the first time contended that the case had already gone to judgment. The trial judge again referred the case to the pre-trial session where the plaintiff's motion for an order to the clerk to enter judgment was heard and denied. The plaintiff excepted to the denial of this motion and to the refusal to give his requests for rulings. This action of the judge is the basis of the first bill of exceptions.

After the denial of this motion, the case was again reached for trial. The plaintiff appeared but refused to proceed, as he contended that the case had already gone to judgment. The judge ordered the plaintiff nonsuited. An exception was taken to this order and comprises the subject matter of the second bill of exceptions.

The plaintiff contends that the plea in abatement involved an issue of fact that was decided adversely to the defendant and that, no leave to answer over having been given to the defendant, G. L. (Ter. Ed.) c. 231, §§ 50, 53, the action went to judgment on January 29, 1940, or on February 19, 1940, in accordance with G. L. (Ter. Ed.) c. 235, § 1, and Rule 79 of the Superior Court (1932). Although the grounds upon which the decision overruling the plea was rendered are not disclosed by the record, we assume in favor of the plaintiff that this decision rested upon an issue of fact.

The principles of the common law giving the defendant a right to answer over where the issue joined upon a plea in abatement was one of law and the decision was in favor of the plaintiff, and rendering final judgment for the plaintiff if the issue raised by the plea was one of fact that was decided adversely to the defendant, *Young* v. *Gilles*, 113 Mass. 34; *Commonwealth* v. *Carr*, 114 Mass. 280; *Young* v. *Providence & Stonington Steamship Co.* 150 Mass. 550, have been somewhat relaxed by our statutes, which provide for a final judgment against the defendant where an issue of fact has been found against him upon a plea or answer in abatement, G. L. (Ter. Ed.) c. 231, § 50, unless he is permitted to answer over "by special order of the court for good cause shown, and not otherwise." G. L. (Ter. Ed.) c. 231, § 53. *Fisher* v. *Fraprie*, 125 Mass. 472. *Parks* v. *Smith*, 155 Mass. 26. And the decision of the Superior Court upon a plea or answer in abatement is subject to revision upon exceptions or report. G. L. (Ter. Ed.) c. 231, § 111. *Voss* v. *Sylvester*, 203 Mass. 233. *Sherman* v. *Werby*, 280 Mass. 157. *Summers* v. *Boston Safe Deposit & Trust Co.* 301 Mass. 167, 168.

The plaintiff contends that the action went to judgment on Monday, January 29, 1940, in accordance with Rule 79 of the Superior Court (1932). The fact that no judgment

was recorded by the clerk on that date would not prevent the case from going to judgment if it was then ripe for judgment. *Nugent* v. *Boston Consolidated Gas Co.* 238 Mass. 221. *Porter* v. *Boston Storage Warehouse Co.* 238 Mass. 298. *Alpert* v. *Mercury Publishing Co.* 272 Mass. 39. *Home Finance Trust* v. *Rantoul Garage Co.* 300 Mass. 86. But at the plaintiff's request a special precept of attachment by trustee process was issued on January 9, 1940, and made returnable on the first Monday of February, 1940. The liability of the alleged trustees had not been determined on January 29, 1940, and the case was not then ripe for judgment. *Gifford* v. *Rockett*, 119 Mass. 71. We think that the pendency of this special precept was a matter of substance appearing on the docket, which prevented the case from automatically going to judgment on January 29, 1940. *Norcross* v. *Crabtree*, 161 Mass. 55. *American Wood Working Machinery Co.* v. *Furbush*, 193 Mass. 455. *Cohen* v. *Industrial Bank & Trust Co.* 274 Mass. 498. *Kelly* v. *Foley*, 284 Mass. 503. *Patrick* v. *Dunbar*, 294 Mass. 101.

The plaintiff filed a discharge of all trustees on February 16, 1940, and this he contends cleared the path for the entry of judgment on the succeeding Monday, February 19, 1940. The decision upon the plea, which we have assumed was based upon an issue of fact, established the liability of the defendant and deprived it of a trial upon the merits, *Boston Glass Manufactory* v. *Langdon*, 24 Pick. 49; *Good* v. *Lehan*, 8 Cush. 301; *Italian-Swiss Agricultural Colony* v. *Pease*, 194 Ill. 98; *Boright* v. *Williams*, 87 Vt. 245; *Foxwist* v. *Tremaine*, 2 Saund. 207, (85 Eng. Rep. R. 996); *Eichorn* v. *Le Maitre*, 2 Wils. K. B. 367 (95 Eng. Rep. R. 865), (but now see supreme court of judicature act, 1873, 36 & 37 Vict. c. 66,) unless the judge permitted the defendant to answer over. The judge did not expressly authorize the defendant to file an answer and the defendant could not justly complain if the judge had refused to recognize its answer which had been filed without any order. *Kaufman* v. *Buckley*, 285 Mass. 83. *Abbott* v. *Bean*, 285 Mass. 474. But a defendant, after an adverse decision of an issue of fact upon a plea in abatement, has been permitted to

defend the action on the merits, in the absence of any special order allowing him to answer over, where the action of the judge subsequent to the decision was in effect equivalent to such an order. *Machinists' National Bank* v. *Dean,* 124 Mass. 81. *Fisher* v. *Fraprie,* 125 Mass. 472. *O'Loughlin* v. *Bird,* 128 Mass. 600. *Parks* v. *Smith,* 155 Mass. 26.

The action of a judge, other than the one who had heard the plea in abatement, in hearing on February 12, 1940, the plaintiff's motion filed February 7, 1940, for the immediate entry of judgment under G. L. (Ter. Ed.) c. 231, § 59B, on the ground that the plaintiff was seeking to recover a debt to which he believed there was no defence, and in referring the case to the pre-trial session after granting the defendant the right to file a counter affidavit setting forth its defence, was taken in a proceeding instigated by the plaintiff and was utterly inconsistent with the contention now urged by him that the case had already gone to judgment. This counter affidavit was filed on February 13, 1940. The discharge of the trustees by the plaintiff on February 16, 1940, did not make the case, which was then pending for a hearing in the pre-trial session in accordance with an order of the court, ripe for judgment on February 19, 1940. *Norcross* v. *Crabtree,* 161 Mass. 55. *Gilchrist* v. *Cowley,* 181 Mass. 290. *Kelly* v. *Foley,* 284 Mass. 503. *Patrick* v. *Dunbar,* 294 Mass. 101.

It is true that the judge never made any formal order authorizing the defendant to answer over after the decision on the plea in abatement, but we think, in view of all the proceedings taken subsequently to filing the answer before various judges in dealing with matters concerning the merits of the case and settling the issues to be tried, that it must be held that the filing of the answer was at least impliedly sanctioned by the judge. *Burnham* v. *Haskell,* 213 Mass. 386. *Beal* v. *Lynch,* 242 Mass. 65. *Baskin* v. *Pass,* 302 Mass. 338, 341.

The plaintiff, after commencing and prosecuting a series of proceedings to facilitate the progress of the case, all of which were based upon the underlying assumption that

issue.had been joined by the filing of the answer, could not rightly thereafter contend that such proceedings were not properly before the court because leave had not been expressly granted to file an answer.   Irregularities and defects not touching the jurisdiction of the court over the subject matter may be waived by the parties, and certain conduct in reference to the filing of papers, or failing to urge seasonably an objection, or treating a pleading as sufficient, has been held to constitute a waiver.   *Wheeler & Wilson Manuf. Co.* v. *Burlingham,* 137 Mass. 581.   *Paige* v. *Sinclair,* 237 Mass. 482.   *Shour* v. *Henin,* 240 Mass. 240. *Maker* v. *Bouthier,* 242 Mass. 20.   *O'Toole* v. *Concannon,* 276 Mass. 19.   *Modist* v. *Lynch,* 277 Mass. 135.   *Adams* v. *Silverman,* 280 Mass. 23.   *Fahey* v. *Pease,* 282 Mass. 609. *Byron* v. *Concord National Bank,* 299 Mass. 438.   *Daley* v. *District Court of Western Hampden,* 304 Mass. 86.   The lack of a formal order authorizing the filing of a pleading by a party is waived by the opposing party replying to such pleading or taking such action as was consistent only with the proper filing of the pleading, even though it subsequently appears that no leave had been granted to file it.   Where the defendants had appeared, answered, and cross-examined witnesses, it was held that they could not successfully contend that the bill was filed without leave of the court. "It was then too late.   They must be held to have acquiesced; and, if not, leave of the court to commence and prosecute the suit must be presumed after the orders made to facilitate its progress."   *Jerome* v. *McCarter,* 94 U. S. 734, 737.   Parties demurring to an amended bill of complaint which was filed without leave were deemed to have waived the requirement of leave.   *Massachusetts Gasoline & Oil Co.* v. *Go-Gas Co.* 267 Mass. 122, 127.   *Mann* v. *Rudnick,* 294 Mass. 353, 354.   The principle illustrated by these cases is decisive in the instant case and is of general application.   *Hughes* v. *Eschback,* 7 D. C. 66.   *United States* v. *Craig,* 83 Fed. (2d) 361.   *Willman & Co.* v. *Alabama Brokerage Co.* 145 Ala. 684, 40 So. 102, 103.   *Harte* v. *Fraser,* 104 Ill. App. 201.   *Jordan* v. *Indianapolis Water Co.* 159 Ind. 337.   *Miller* v. *Cavanaugh,* 99 Ky. 377.   *Linn County*

*Bank* v. *Clifton*, 263 Mo. 200. *State* v. *District Court*, 80 Mont. 97. *Pekin Plow Co.* v. *Wilson*, 66 Neb. 115.

The case had not gone to judgment and there was no error in denying the plaintiff's motion for an order for the entry of judgment. In view of what has been said, it is not necessary to discuss the refusal to grant any of the plaintiff's requests for rulings. There was no prejudicial error in their refusal. It also follows that the plaintiff was properly nonsuited when he declined to proceed to trial.

*Exceptions overruled.*