*Northern District*

No. 5129

## J. JACKSON GEORGE
v.
## WINFIELD S. WELLS

(July 15, 1957)

*Present:* GADSBY, P. J., BROOKS AND CONNELLY, JJ.

*Connelly, J.* In this action of tort the plaintiff sues to recover for damage to her automobile by reason of the negligence and carelessness of the defendant in the operation of his motor vehicle. The defendant's answer is a general denial, contributory negligence of the plaintiff, the statute of limitations and illegal registration of the plaintiff's car.

The action was brought originally in the name of J. Jackson George, but at the trial the plaintiff's writ and declaration were amended by a motion, assented to by the defendant and allowed by the court, to strike out the name of the original plaintiff and to substitute therefor the name of his wife, Jeanette George.

*At the trial there was evidence tending to show the following:*

"On March 17, 1953, while the plaintiff's automobile was being operated by her, it was involved in a collision with a car owned and operated by the defendant. The accident occurred on State highway route numbered 110, Haverhill, in one of the less populous areas of the city.

At the time of the collision, it was daylight, the weather was clear, the visibility good and the road surface dry. Traffic was light. The road approaching the scene of the accident was straight for about a quarter of a mile, and was marked off into three traffic lanes. In this area Route 110 runs east and west.

The plaintiff was driving easterly on Route 110 accompanied by her husband, their daughter, Susan, and Susan's chum, Sandra, the latter two being children. Mrs. George was driving Sandra to the latter's home, which was located on the northerly side of Route 110.

As the plaintiff's car was approaching Sandra's home, it was proceeding in the traffic lane on the right of the road. Rather than let her young passenger off at a spot that would require her to walk across Route 110, Mrs. George decided to drive into the driveway on the premises where Sandra lived.

Accordingly, about one hundred yards west of where the accident occurred, Mrs. George drove her car into the middle lane and continued easterly in that lane until just prior to the collision. As she drove along the middle lane, she switched on the car's directional blinking signal light to indicate she intended to make a left turn.

The plaintiff testified that immediately before making the left turn she looked into her car's rear view mirror to ascertain whether there were other cars following her, but saw none. Having reached a point nearly opposite the driveway, and with her car's speed reduced to about 5 miles per hour, she

turned left from the middle lane for the purpose of entering the driveway.

As the plaintiff's car swung to the left, the plaintiff then saw the defendant's car also traveling east and about to pass the plaintiff's. The defendant's car was on her left in the northerly traffic lane and was then only a few feet away. The two cars collided in the traffic lane on the extreme left of the road just over the line dividing it from the center lane.

The left front fender of the plaintiff's car was struck by the right front fender of the defendant's motor vehicle. Both cars stopped almost immediately after the impact."

At the conclusion of the plaintiff's case the attorney for the defendant called the Court's attention to the plaintiff's writ, copy of which is attached to the report, which was dated September 13, 1955, and then rested. At the close of the trial and before final arguments the defendant made the following requests for rulings of law:

1. The evidence warrants a finding for the defendant.
2. The evidence does not warrant a finding for the plaintiff.
3. The evidence warrants a finding that the plaintiff's cause of action accrued more than two years prior to the commencement of his suit [action].
4. If the Court finds that the plaintiff failed to commence his action within two years next after his cause of action accrued then the plaintiff's action is barred by the provisions of Chapter 260, Section 2A of the Massachusetts General Laws.

The trial judge allowed defendant's request No. 3, denied requests Nos. 1, 2, and 4, and found for the plaintiff.

The defendant, claiming to be aggrieved by the denial of his requests for rulings Nos. 1, 2 and 4, the trial judge reported the same to this Division for determination.

The trial judge made no special findings of fact,

unless we can infer, from his allowance of defendant's third request, that he must have found as a fact that the cause of action of the plaintiff accrued more than two years prior to the commencement of her action. We must decide then from the evidence reported whether or not he was correct in his rulings and general finding.

Apparently the plaintiff concedes that the cause of action accrued more than two years prior to the beginning of the action and thus violated G. L., c. 260, §2A, the Statute of Limitations applicable to the case at bar, but claims that the defendant by assenting to the motion for a change of plaintiff at the trial waived any objection that the action was not seasonably brought and that it was barred by the Statute of Limitations.

The accident happened March 17, 1953, and the date of the writ was September 13, 1955, nearly two and a half years later. The defendant had a good defense in the Statute of Limitations and set it up in his answer. As this was an action at law this defense could not be taken by way of demurrer. It had to be pleaded in the answer. *Gallagher v. Wheeler*, 292 Mass. 547, 550. Once pleaded, however, it placed the burden of proof upon the plaintiff to establish by affirmative evidence that the action was commenced within the time required by the statute, and this the plaintiff failed to do. *Rosenblatt v. Foley*, 252 Mass. 188, 191; *Breen v. Burns*, 280 Mass. 222, 228; *McCarthy v. Simon*, 247 Mass. 514, 519.

The amendment substituting a new party plaintiff at the trial did not bring about a waiver of the Statute of Limitations defense. Under G. L., c. 231, §51, the court has great discretion in the allowance of amendments and "when an amendment is allowed without the taint of legal error, it stands as if it had been inserted in the declaration (or writ) when originally filed." *Gallagher v. Wheeler*, 247 Mass.

514, and cases cited. The amendment in this case then simply substituted a new party and did nothing else. It certainly did not have the effect of changing the date of the writ. It was still the same action.

"The power to allow amendments is broad. It has been construed liberally in aid of making the record conform to the truth . . . It can rightly be invoked in order to make the record conform to the truth, but not merely to avoid the running of the statute of limitations". *O'Brien v. McManama*, 281 Mass. 89, and cases cited.

■ While the matter of waiver is mentioned in the plaintiff's brief, there is no mention of it in the report or as to whether or not it was argued at the trial. G. L., c. 231, §72, relative to agreements as to amendments, and *Krinsky v. Stevens Coal Co., Inc.*, 309 Mass. 528, 533, the only case offered in the plaintiff's brief to support the claim of waiver, do not apply to the facts in this case and do not support the claim of waiver of the Statute of Limitations. It would seem unreasonable to claim that the defendant in consenting to the amendment, which in any event could have been allowed by the trial judge without the consent of the defendant, was deprived of a defense that was fatal to the plaintiff's action. The Statute of Limitations was rightfully set up in the answer, the only way it could be pleaded, and the trial judge should have considered it. The statute was a complete defense and that being the case the trial judge should have granted defendant's requests for rulings, Nos. 1, 2 and 4.

As there was prejudicial error in the denial of defendant's requests for rulings, Nos. 1, 2 and 4, and in the general Finding for the Plaintiff, we order the Finding for the Plaintiff vacated and a Finding for the Defendant entered.

Espovitch and Nicholson, for the plaintiff.
A. W. Reddy, for the defendant.