*Southern Division*

## MILLINERY MANUFACTURING CORP.
### v.
### JAMES T. DIAMOND

*Present:* Nash, P.J., Cox and Sgarzi, JJ.

Case tried to *Lee, J.,* in the Fourth District Court of Bristol. No. 16659.

*Cox, J.* This is an action of contract in which there was a finding for the plaintiff in the sum of $308.69 for millinery. *The princi-*

*pal question is whether the defendant as an individual or a corporation formed by the defendant is liable for the price of the millinery.*

Under an agreement dated March 3, 1951 the plaintiff had been delivering millinery on consignment to one Bernice Schuster doing business as Ann Marie Fashion Center, 64 Washington St., North Attleboro, the terms being that upon sale or failure to account for the millinery consigned, the plaintiff was to be paid at the rate of 75% of the price branded on the millinery.

Subsequently the plaintiff continued on the same terms to do business with one Snyder who appears to have taken over the business and to have conducted it under the same name and style of Ann Marie Fashion Center.

The defendant appeared on the scene in 1956. On January 4, 1956, his wife wrote the plaintiff that Mr. Snyder had sold the Ann Marie Fashion Center and "As new owner *I* would like to continue to carry your hats on the same basis as Mr. Snyder did". On January 10, 1956 the defendant's wife again wrote the plaintiff thanking it for a letter of January 6 and stating *"We* will try to live up to the terms of your company".

During the month of January the defendant formed a corporation under the name of Ann Marie, Inc. to carry on the business of Ann Marie Fashion Center. In March, April, and May, 1957, eight checks with the name Ann Marie, Inc. printed on them, drawn on a bank in North Attleboro, payable to the plaintiff and signed by the defendant James

T. Diamond were received by the plaintiff and deposited in its account. These checks totalled $240.00.

On or about July 1, 1957, one of the plaintiff's officers visited the store to straighten out the account. There was an accounting on a business statement of the plaintiff's upon which was noted "received on account $100. balance due $308.69". Below the notation was something written in the defendant's hand and the defendant's signature. On the same day, July 1, 1957, the defendant gave his personal check to the plaintiff on which was noted "on acct. Ann Marie Inc.". This check was deposited by the plaintiff in its account.

On August 14, 1957, the plaintiff wrote Ann Marie, Inc. protesting the ignoring of a letter a week for the preceding month and demanding the return of merchandise and a check.

The plaintiff's vice president testified that the plaintiff never received any notice of Ann Marie's incorporation or to change billing. He also testified that after 1956 the plaintiff extended credit to Mr. and Mrs. Diamond. There was further testimony that the plaintiff did not file a claim with the assignee of Ann Marie, Inc. Other communications from the plaintiff to "Ann Marie" were admitted in evidence.

The judge in his special findings appeared to be in doubt as to the existence of the corporation, but, even if we assume that the allegation in the defendant's answer, that the plaintiff did business with a corpo-

ration, referred to a corporation known as "Ann Marie, Inc." and that the existence of such a corporation was admitted because the plaintiff did not demand proof of it in accordance with the provisions of G. L. c. 231, §30, see also *Liddell v. Middlesex Motor Co.,* 275 Mass. 346, 352, nevertheless the point is not decisive because the evidence did not as matter of law require the finding urged by the defendant that the corporation is the debtor. The question was one of fact and the judge was warranted in concluding on the evidence that the defendant was individually liable, even though he might have reached the opposite conclusion, a circumstance which he recognized by allowing the defendant's request No. 7 that a finding for the defendant was warranted. *Bresnick v. Heath,* 292 Mass. 293, 298-299; *Perry v. Hanover,* 314 Mass. 167, 173-176; *Hoffman v. Chelsea,* 315 Mass. 54; *Brodeur v. Seymour,* 315 Mass. 527; *Liberatore v. Framingham,* 315 Mass. 538; *Ricciardone v. Carvelli,* 334 Mass. 228, 231; *Quality Finance Co. v. Hurley,* 337 Mass. 150, 152.

That the question whether an individual or corporation is liable for an obligation is ordinarily one of fact, finds support in the decided cases. There was evidence to support the finding. Mrs. Diamond's letter of January 4, 1956 stating that "As new owner *I* would like to continue to carry your hats on the same basis as Mr. Snyder did" and her letter of January 10, 1956 to the plaintiff stating that *"We* will try to live up to the

terms of your company", these letters were by Mrs. Diamond, but they indicate that she was not speaking for a corporation and it is not contended that she rather than her husband should be held liable. The accounting on July 1, 1957 showing a balance due of $308.69 over the defendant's signature, the testimony of the plaintiff's vice president that no notice of the incorporation was received by the plaintiff, that no request was made to change the billing, and that credit was extended to Mr. and Mrs. Diamond, support the judge's finding. The eight checks of Ann Marie, Inc., the plaintiff's letter of August 14, 1957 addressed to Ann Marie, Inc., the other communications by the plaintiff to Ann Marie, the defendant's personal check, which he gave on July 1, 1957 at the time of the accounting, with the endorsement "on account Ann Marie Inc.", were at most admissions or evidence in support of the defendant's contention but all together fall short of requiring a finding for the defendant. *Powers v. Macris,* 314 Mass. 260; *Aluminum Smelters, Inc. v. Twombly,* 330 Mass. 577; *Georgetown Sand & Gravel Co., Inc. v. Burr,* 338 Mass. 762.

█ Count I of the plaintiff's declaration alleges $329.57 as a balance due for goods sold and delivered on accounting. Count II is on an account annexed alleging "Balance due as of July 1, 1957 $329.57". It was under Count II that the judge found for the plaintiff. The defendant contends that the judge erred in finding for the plaintiff under the count on the account annexed as the item

therein is not ". . . correctly described by any one of the common counts according to the natural import of its terms." G. L. c. 231, §7 Ninth. We see no merit to the contention. The case was fully tried on its merits. It is a settled rule that

". . . a party who desires to rely upon a variance or similar defect must call the attention of the trial judge clearly and plainly to the defect relied upon, so that amendments can be made, or further proof supplied, or proper rulings made at the trial,"

*Berwin v. Levenson,* 311 Mass. 239, 246, and cc. See also *Dumas v. Meyer,* 296 Mass. 57, 59; *Krinsky v. Stevens Coal Sales Co. Inc.,* 309 Mass. 528, 533; *John T. D. Blackburn, Inc. v. Livermore,* 317 Mass. 20. Nowhere in the report does it appear that the defect was "clearly and plainly" .called to the judge's attention so that the formal defect in pleading could have been corrected by appropriate amendment in order to accomplish substantial justice. The defendant was not harmed by a finding for less than the amount alleged to be due.

█ It should be noted that the finding for the plaintiff in the sum of $308.69 finds clear, if not conclusive, support in the accounting of July 1, 1957 signed by the defendant. Count I is based on that accounting and is a count on an account stated even though the amount was incorrectly pleaded.

"An 'account stated' is an acknowledgement of the existing condition of liability between the parties. From it the law implies a promise to pay whatever balance is thus acknowledged

to be due. It thereby becomes a new and independent cause of action, so far as that a recovery may be had upon it without setting forth or proving the separate items of liability from which the balance results."

*Chace v. Trafford,* 116 Mass. 529, 532; *Rizkalla v. Abusamra,* 284 Mass. 303, 306-307; *Berwin v. Levenson,* 311 Mass. 239, 245. A finding for the plaintiff for the correct amount could have been sustained under Count I.

As we see no error prejudicial to the defendant, an order should be entered dismissing the report.

Lewis & Lewis of Taunton, for the Plaintiff.
Howard C. Abbott for the Defendant.