*Southern District*

**PAGE SHEET METAL COMPANY, Plaintiff**

**v.**

**MILTON ELECTRONICS CORP., Defendant**

*Present*: Nash, P. J., Cox & Murphy, JJ.

Case tried to *Lee, J.* in the District Court of East Norfolk (Quincy). No. 20657.

*Murphy, J.* This is an action of contract to recover for furnishing certain "struts" and the necessary cost of the tooling and dyes made in connection therewith. The action was in two counts, for the same cause of action. The evidence was oral, documentary and conflicting.

The defendant admits liability of $1,346.50 for the "struts" and the cost of the necessary tooling and dyes, however, it raises several questions as to the propriety of the court's finding, and objects to the denial of certain of its requests for rulings.

The court found for the plaintiff for $1,629.39 on count one, and took no action on count two, in view of this finding.

The defendant claims to be aggrieved by the failure of the court to grant requests for rulings Nos. 3 and 4 by its inconsistent findings after allowing defendant's requests for rulings Nos. 1 and 2 and by its refusal to grant defendant's requests for rulings 6, 7, 9 and 10.

The court filed the following "memorandum":

I find the plaintiff accepted a purchase order

from the defendant for the manufacture of one million "units of struts" in January 1960 as follows: five thousand before February 29, 1960 at the rate of one thousand a week, and fifty thousand a week beginning February 29, 1960 and to continue until the order was filled. That on *February* 3, 1960 the defendant wrote the plaintiff to "hold the order for one thousand units as far as the order for fifty thousand units to commence on *February* 29, 1960 but to continue with the five thousand units at one thousand a week before *February* 29, 1960. The plaintiff undertook this order and the manufacturing of these units under the order, but stopped after the *May* 12, 1960 shipment because of the non-payment by the defendant. The plaintiff during this period had done the necessary tooling and made the dyes for this order of five thousand units and that this cost was to be amortized in the production run of one million units, but the 'hold on the large order' prevented the plaintiff from expediting this plan. I find the defendant knew that it would be responsible for this tooling and dyes, and that this was normal procedure in the business. This tooling and the dyes were specially made and could not be used for other work. I find that the plaintiff is entitled to be compensated for the balance due on the struts of $625.00, but also for the balance due on the tooling and dyes in the sum of $1,004.39 making a total of $1,629.39."

The defendant contends that the finding on count one is at variance with the pleadings and the findings of fact made by the court in that Exhibit A, referred to in

count one, makes no claim for cost of tooling and dyes, however, such claim is made in count two, yet the court found on count one for both the cost of the struts and the cost of the tooling and dyes. We do not consider this a substantial defect and in any event, a party who desires to rely on a variance or similar defect must call it to the attention of the trial judge clearly and plainly so that further proof may be supplied or amendments or proper rulings made at the trial, otherwise the defect is deemed to be waived. *Berwin v. Levenson,* 311 Mass. 239; *Dumas v. Meyer,* 296 Mass. 57; *Krinsky v. Steven's Coal Sales Co., Inc.,* 309 Mass. 528; *John T. Blackburn, Inc. v. Livermore,* 317 Mass. 20. Nowhere in the report before us does it appear that the defect was clearly and plainly called to the judge's attention. See also: *Shaw v. Boston & Worcester RR.,* 8 Gray 45-72.

The defendant in his brief speculates at great length as to how the court arrived at the figure of $1, 629.39 on count one and indicates that this finding contradicts certain of the statements or findings in the court's memorandum. Any alleged contradictions or inconsistancies, if any there be, should have been raised by a motion for a new trial or a motion to correct the inconsistencies addressed to the court, counsel could then have secured a report of any adverse ruling thereon. *Kelsey v. Hampden Court Hotel Co.,* 327 Mass. 150, 153. There is ample evidence to support the findings made by the court.

Such findings must be sustained upon any reasonable view of the evidence unless plainly wrong. We cannot say they are plainly wrong on the record. *Celeski v. Celeski,* 330 Mass. 132; *Trade Mut. L. Ins. Co. v. Peters,* 291 Mass. 79; *Berry v. Keyes,* 304 Mass. 56, 58; *Monast v. Brodeur,* 329 Mass. 767.

The defendant contends that the allowance of requests 1 and 2 are inconsistent with the finding for the plaintiff on count one of the declaration. We have already disposed of that objection. *Kelsey v. Hampden Court Hotel Co.,* 327 Mass. 150, 153 cited supra.

Requests for rulings Nos. 3 and 4 were properly denied as they were based on facts not found by the court, and the remaining requests were properly denied as based upon facts which the judge was not required to find or were inconsistent with the facts that he did find. *Castanzo v. Leone,* 278 Mass. 429; *Memishian v. Phipps,* 311 Mass. 521; *DiLorenzo v. Atlantic Nat. Bank,* 278 Mass. 321; *Dolham v. Peterson,* 297 Mass. 479; *Limonges v. Limonges,* 287 Mass. 261.

We find no prejudicial error, and the *report is ordered dismissed.*

James F. Sullivan, of Boston, for the Defendant.